[Civ. No. 4759. Second Appellate District, Division Two.—August 1, 1924.]

## LESLIE R. MASON, Respondent, v. WM. C. STRAUBE, Appellant.

[1] APPEAL—DELAY IN FILING REPORTER'S TRANSCRIPT—DISMISSAL.— Where the appellant, desiring to appeal under the so-called alternative method, duly serves notice of appeal and files his order for the reporter's transcript, and as soon as said transcript becomes available he notifies respondent of his intention to settle the same within the time required by the statute, and the transcript is settled by the court on the fifth day after the giving of such notice, the appellate court will not grant respondent's motion to dismiss the appeal on the ground that the reporter's transcript was not filed within the twenty days prescribed by the statute.

---

(1) 4 C. J., p. 477, sec. 2212.

1. See 2 Cal. Jur. 622.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County.    William C. Doran, Judge.    Motion denied.

The facts are stated in the opinion of the court.

Walter Gould Lincoln for Appellant.

Fred Aberle, Jr., Goodwin J. Knight and Aberle & Huntington for Respondent.

CRAIG, J.—Respondent herein obtained judgment against appellant and his codefendant upon a promissory note January 7, 1924, which judgment was entered January 25, 1924, and on the second day of February, 1924, notice of appeal, with bond and notice for reporter's transcript under section 953a of the Code of Civil Procedure, were filed.    The stenographic reporter did not furnish the transcript until on or about the fifteenth day of May, 1924, and thereafter and on May 29th it was delivered to appellant's counsel.    On May 31st appellant served upon counsel for respondent notice of intention to settle said transcript in the superior court; but previously thereto and on May 24th notice of motion to dismiss the appeal was filed in this court by respondent, upon the ground that said appeal being taken under section 953a of the Code of Civil Procedure, but twenty days were allowed the reporter for filing the transcript, and that fifty-eight days having elapsed from the date of the notice of appeal, the time limited by said section had expired.

[1]    It is shown by the records of the trial court that appellant duly served notice of appeal and filed his order for the reporter's transcript, and that as soon as said transcript became available he notified respondent of his intention to settle the same within the time required by the statute; and the transcript was settled by the court below on June 5, 1924.

It is obvious that appellant was not at fault, and the question presented, having heretofore been decided, it is not necessary for us to discuss it at length.    *Smith* v. *Jaccard*, 20 Cal. App. 280 [128 Pac. 1023], held that none of the requirements of said section as applied to officials was jurisdictional to the appeal, saying: "Neither in the statute nor

in the rules of the court is any penalty prescribed for the failure of the reporter to file such transcript within twenty days. We think it perfectly clear that the provision as to the time for filing such transcript is merely directory, and the failure of the reporter to file such transcript within the time allowed is not jurisdictional. It is doubtless the duty of the appellant, as the moving party, to take the necessary steps to secure the filing of such transcript, and for want of diligence in such matter on his part it is within the power of the trial court to terminate his proceedings for procuring such transcript. The determination of the question as to whether or not there has been due diligence in such matter is one merely lying in the discretion of the trial court, with which the appellate court will not interfere unless it appears that the court in its action has abused its discretion.''

In the case last mentioned forty-eight days had elapsed when notice of motion to terminate the proceedings was given. In *Fisher* v. *Oliver*, 174 Cal. 781 [164 Pac. 800], about sixty days elapsed on account of delays caused by the reporter and the clerk, but the supreme court in denying a motion to dismiss said: ''respondent's contention in this regard is fully answered by *Smith* v. *Jaccard*, 20 Cal. App. 280 [128 Pac. 1023, 1026].''

The motion to dismiss this appeal is denied.

Finlayson, P. J., and Works, J., concurred.