[Civ. No. 5373.   First Appellate District, Division One.—August 28, 1925.]

## B. M. BENSON, Respondent, v. JULIUS OLENDER et al., Appellants.

[1] APPEAL—FILING OF TRANSCRIPT—DUTY OF APPELLANT—PENALTY FOR DELAY.—It is the duty of the appellant, as the moving party, to take the necessary steps to secure the filing of the transcript, and for a want of diligence therein it is within the power of the trial court to terminate the proceedings; and while the giving of the notice to prepare the transcript within the time provided by section 953a of the Code of Civil Procedure, is mandatory, the provisions thereof and of section 953c of said code, as to the time

---

1. Dismissal for failure to file transcript within statutory time, note, 20 Ann. Cas. 1314. See, also, 1 Cal. Jur. 619, 625, 668; 2 R. C. L. 152.

of filing the transcript, are directory; and though the appellate court may dismiss the appeal for delay in such filing, such dismissal will be for want of diligence in prosecuting the appeal and not for lack of jurisdiction of the appeal.

[2] ID.—DELAY IN FILING TRANSCRIPT—DUE DILIGENCE—DISMISSAL.—Where the notice to prepare the transcript on appeal was given in form and within the time as provided by statute, and it fairly appears that the delay in filing same was due to the fault of the reporter, that neither appellant nor his counsel were wanting in due diligence, and that the transcript, duly certified, has been filed in the appellate court, a motion to dismiss the appeal because of delay in filing the transcript should be dismissed.

(1) 4 C. J., p. 469, n. 5, p. 470, n. 7.    (2) 4 C. J., p. 470, n. 7.

MOTION to dismiss an appeal from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Motion denied.

The facts are stated in the opinion of the court.

Lewis H. Smith and Claude L. Rowe for Appellant.

Glen M. De Vore and B. M. Benson for Respondent.

CASHIN, J.—An appeal was taken according to the method prescribed by section 953a of the Code of Civil Procedure from a judgment in favor of respondent, who moved to dismiss on the ground that more than forty days had elapsed since the filing of the notice of appeal, and that the transcript on appeal had not, as provided by statute, been filed in this court. Respondent's motion was duly served and filed on July 23, 1925. Thereafter, on July 25, 1925, the transcript prepared by the phonographic reporter was filed in the office of the county clerk of the county of Fresno, the clerk's transcript having been prepared and certified by him on June 18, 1925; and upon notice to respondent the reporter's transcript was, by the judge of the superior court before whom the action was tried, certified as provided by said section of the code, and both transcripts were, by the county clerk of said county, filed in this court, on August 3, 1925.

2.  See 2 Cal. Jur. 670.

It appears from the record that judgment was entered in the action on April 2, 1925; that a notice of intention to move for a new trial was served and filed by appellant, which motion was thereafter, on June 2, 1925, presented and denied; that on June 9, 1925, notice to prepare the transcripts mentioned was filed with the clerk, and that on June 13, 1925, there was filed a notice of appeal from the judgment. All the proceedings had to perfect the appeal and for the preparation of the transcripts were within time and in accordance with the provisions of the statute with the exception that no undertaking, as provided by section 953b of the Code of Civil Procedure, was filed with the clerk.

It appears from the affidavit of the reporter that an order was given for the preparation of the transcript and that arrangements satisfactory to him were made for his compensation, but that subsequently he understood that the transcript would not be required. This affidavit contra-dicts, in certain particulars, an affidavit previously made by him wherein he states that no order was given and no ar-rangements made for the preparation of the transcript. His last affidavit, however, is supported by that of one of the attorneys for the appellant, from which it appears that ar-rangements satisfactory to the reporter had been made, and that the delay in preparing the transcript was due to his performance of other duties in connection with the business of the court.

[1] It is the duty of the apppellant, as the moving party, to take the necessary step to secure the filing of the transcript, and for a want of diligence therein it is within the power of the trial court to terminate the proceedings, and while the giving of the notice to prepare the transcript within the time provided by section 953a, Code of Civil Procedure, is mandatory (*Des Granges* v. *Des Granges,* 175 Cal. 67–71 [165 Pac. 13]), the provisions thereof and of section 953c of the Code of Civil Procedure, as to the time for filing the transcript, are directory, and though the appellate court may dismiss the appeal for delay in such filing, such dismissal will be for want of diligence in prosecuting the appeal and not for lack of jurisdiction of the appeal (*Smith* v. *Jaccard,* 20 Cal. App. 280 [128 Pac. 1023]; *Mason* v.

*Straube,* 68 Cal. App. 302 [228 Pac. 872]; *Fisher* v. *Oliver,* 174 Cal. 782 [164 Pac. 800]).

[2] Where, as in the instant case, the notice to prepare the transcript was given in form and within the time as provided by statute, and it fairly appears, as here, that the delay was due to the fault of the reporter, that neither appellant nor his counsel was wanting in due diligence, and that the transcript duly certified, has been filed in this court, a case is presented where the rule in the cases last herein cited should be applied, and the motion to dismiss the appeal denied. It is so ordered.

Tyler, P. J., and Knight, J., concurred.