[Civ. No. 6436. Second Appellate District, Division Two.—November 24, 1930.]

THOMAS J. RANDALL, Respondent, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA et al., Appellants.

62

Otto J. Emme for Appellants.

Bertin A. Weyl and Paul C. Hill for Respondent.

SCHMIDT, J., *pro tem.*—This is an appeal from a judgment of the Superior Court of Los Angeles County in a proceeding in *certiorari* annulling a judgment of the Board of Medical Examiners, by the terms of which last-mentioned judgment the respondent herein was found guilty of a violation of the Medical Practice Act and was granted probation for a period of five years.

The Medical Practice Act, in so far as applicable to this case, provides: "Whenever any holder of a certificate herein provided for is guilty of unprofessional conduct as the same is defined in this act and the said unprofessional conduct has been brought to the attention of the board granting said certificate, . . . it shall be the duty of the board, and the board shall have the power to suspend the right of the holder of said certificate to practice for a period not exceeding one year, or to place the holder of said certificate upon probation, or suspend judgment in such cases, or revoke his certificate or take such other action in relation to the punishment of the holder of said certificate as it may deem proper. . . . The words 'unprofessional conduct' as used in this act are hereby declared to mean: . . . Tenth: Advertising, announcing or stating directly, indirectly or in substance, by

any sign card, newspaper, advertisement or other written or printed sign or advertisement, that the holder of such certificate or any other person, company or association by which he is employed or in whose service he is, will cure or attempt to cure, or will treat, any venereal disease, or will cure or attempt to cure or treat any person or persons for any sexual disease, for lost manhood, sexual weakness or sexual disorder or any disease of the sexual organs; or being employed by or being in the service of any person, firm, association or corporation so advertising, announcing or stating.'' (Stats. 1913, p. 722, as amended; Stats. 1929, p. 626.)

The complaint before the Medical Board charged respondent with unprofessional conduct in violation of subdivision 10 of section 14 of the act, in that he had placed an advertisement in the ''Los Angeles Evening Herald'', a newspaper of wide circulation in the city of Los Angeles, in words and figures as follows: ''T. J. Randall, M. D. 602 S. Flower St., cor. 6th. Acute chronic Blood, Skin and infectious disease, Prostate, bladder, also dropsy, rheumatism, stomach and other chronic ailments. *An Expert Rectal* Specialist, successfully treating Piles, fistula, fissures, ulcers, proctitus, colitis & other allied diseases without loss of time. Men and Women. Free exam. Reas. Charge. Daily 9 to 4 (except Sun.) Eves., Mon., Wed., and Friday, 6 to 8.''

Respondent contends that the evidence adduced before the Medical Board was wholly insufficient to sustain the finding that he had violated any part or provision of the Medical Practice Act of the state of California, or that he was guilty of unprofessional conduct. The real question involved is this: Is the effect of the advertisement that repondent would treat any person for sexual disease, lost manhood, sexual weakness, sexal disorder or for any disease of the sexual organs in violation of said subdivision 10 of section 14 of the Medical Practice Act? Appellants claim the affirmative, basing same upon the testimony of two experts, Dr. Robert V. Day and Dr. Albert J. Scholl, each of whom, after qualifying as an expert, testified upon direct examination: ''Doctor, I will ask you whether the prostate gland is a part of the male sexual organs? A. It is''; and upon cross-examination: ''Q. Now, doctor, there are other diseases of the prostate gland besides venereal diseases, are there

not? A. Yes, sir. Q. That is, the prostate may be in a condition of disease due to tuberculosis or cancer, or other conditions that have no connection with venereal disease? A. Correct.''

■ It has been repeatedly held that the right of a licensed physician to practice is not a mere shadowy privilege, to be revoked regardless of whether the possessor has violated the laws of the state, but is a valuable right, to be protected at least by such safeguards as the legislature has thrown around it. ■ Subdivision 10 of section 14 of the Medical Practice Act is in the nature of a penal statute and therefore is to be construed with a degree of strictness commensurate with the severity of the penalty it imposes; and no one can be held to have violated its provision unless his acts come within both the letter and spirit of the law. ■ The evidence produced before the Medical Board shows that there are diseases of the prostate which are not in any sense venereal disease or diseases of the sexual organs. The fact that respondent Randall used the word ''prostate'' in his advertisement cannot be said to be the equivalent of advertising concerning the matters prohibited by subdivision 10. Many physicians specialize in some particular limited practice, such as, for instance, tuberculosis or cancer. Could it be said because a sexual organ may be diseased with cancer that a physician who merely advertises the fact that he specializes in a disease known as cancer has advertised for treatment of the sexual organs? We think not. Likewise, the fact that the prostate may have some of the diseases against which the act is directed would not preclude a physician from advertising treatment of that organ.

We are not unmindful that the question involved is one of ethics, upon which professional men naturally have honest differences of opinion. It is not for us to determine the ethical question. It is solely for us to determine whether there has been a violation of the law. We do not feel that the evidence produced in this case warrants adjudging respondent guilty of violating the Medical Practice Act.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 23, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 22, 1931.