[Civ. No. 10227. Second Appellate District, Division One.—June 24, 1936.]

GEORGE W. FULLER, Respondent, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA, Appellant.

[Civ. No. 10366. Second Appellate District, Division One.—June 24, 1936.]

GEORGE W. FULLER, Appellant, v. BOARD OF MEDICAL EXAMINERS OF THE STATE OF CALIFORNIA, Respondent.

Rosecrans & Emme, Victor H. Kendrick and Bayard R. Rountree for Petitioner and Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Defendant and Appellant.

WHITE, J., *pro tem.*—By a complaint regularly made and issued, Dr. George W. Fuller was cited before the Board of Medical Examiners, charged with unprofessional conduct, in violation of section 14 of the state Medical Practice Act. Issue was joined by the filing of an answer to the complaint, and the hearing thereon proceeded. The Board of Medical Examiners found against petitioner, and revoked his license to practice medicine and surgery in this state.

On *certiorari*, the superior court rendered judgment modifying the judgment and order of the Board of Medical Examiners by striking therefrom that portion revoking petitioner's license, and inserting in the judgment in lieu thereof the following:

"That said George W. Fuller be and he is hereby reprimanded for the violation of the Medical Practice Act charged in the complaint filed against him."

As so modified, the superior court affirmed the order and judgment of the Board of Medical Examiners.

From such modified affirmance of its order the Board of Medical Examiners prosecuted an appeal, assailing the judgment on the ground that the superior court had no jurisdiction to substitute a new and different penalty in the place and stead of that pronounced by the board. Dr. George W. Fuller, the petitioner in the lower court, has appealed from that portion of the judgment which affirmed the order of the Board of Medical Examiners, urging as grounds therefor that there was no substantial evidence in the record at the hearing before the Board of Medical Examiners to support that tribunal's adverse finding or to confer upon the board jurisdiction to render the decision against Dr. Fuller.

By reason of the foregoing, the Board of Medical Examiners appears as appellant in case number 10227 filed in this court, while in case number 10366 filed is this court Dr. Fuller appears as appellant. These cases, in our opinion, may be consolidated and decided with one opinion. We shall, therefore, throughout this opinion, refer to Dr. Fuller as petitioner and the Board of Medical Examiners as respondent, in which capacity they appeared respectively in the proceedings before the superior court.

■ We are satisfied that the claim of respondent, Board of Medical Examiners, upon the appeal taken by it must be sustained. Under the provisions of the code (sec. 1074, Code Civ. Proc.), the review upon *certiorari* cannot be extended further than to determine whether the inferior tribunal, board or officer has regularly pursued the authority of such tribunal, board or officer, and this has been held to be the equivalent of "whether it has exceeded its jurisdiction". The superior tribunal is therefore limited to a review of the action of the inferior board or officer only to the extent of determining whether the inferior tribunal has exceeded its jurisdiction. The reviewing court has no authority to go beyond the question of jurisdiction, because upon every question except the question of power the action of the inferior tribunal is final and conclusive. If such tribunal has regularly pursued its authority, the inquiry on *certiorari* stops. However drastic the penalty imposed may appear to the reviewing court, the latter has no authority to change the punishment if it was within the jurisdiction or power of the inferior tribunal to inflict it. Such was the holding of the Supreme Court of this state in the case of *Painless Parker* v. *Board of Dental Examiners*, 216 Cal. 285, 300 [14 Pac. (2d) 67], wherein the court said:

"It is earnestly insisted that the suspension for a period of five years from the practice of dentistry imposed by the Board of Dental Examiners is excessive. We may agree with petitioner that it does appear rather severe, considering the age of petitioner and the circumstances of the controversies which have been waged between him and the Board of Dental Examiners. As above remarked, we have no power to modify it. The board that imposed the penalty has the power at any time to modify or revoke it, as may appear to them to be just."

The petitioner, Dr. Fuller, earnestly urges that section 1075 of the Code of Civil Procedure empowers the reviewing court to either affirm, annul or *modify* the proceedings of the inferior tribunal, but we are satisfied that the power of the reviewing tribunal to modify, like its power to annul, can only be exercised to change an action of an inferior board when the latter by such action has exceeded its jurisdiction. The penalty imposed in the instant case being authorized by the Medical Practice Act as punishment for violation of the provision thereof of which petitioner, Dr. Fuller, was found guilty, it is clear the Board of Medical Examiners acted within its jurisdiction in imposing a judgment authorized by the Medical Practice Act, and that the board alone has the power to modify or revoke it, as may appear to it to be just.

We conclude, therefore, that the lower court was in error in that portion of its judgment which modifies the order of the respondent board of medical examiners, as to the penalty imposed, and the judgment of the superior court must be modified by striking therefrom the penalty sought to be substituted for the punishment imposed by the Board of Medical Examiners.

We come now to a consideration of the appeal taken by petitioner, Dr. Fuller, from the judgment of the superior court affirming the order of the Board of Medical Examiners as modified.

The accusation filed before the Board of Medical Examiners charges petitioner with a violation of subdivision 3 of section 14 of the Medical Practice Act, which makes it a violation thereof to print or distribute any adverisement of medical business which is intended or has a tendency to deceive the public or impose upon credulous or ignorant persons, and so be harmful or injurious to public morals or safety. The gist of the accusation against petitioner is that he published a pamphlet or booklet in which petitioner claimed, among other things, to possess a cure for rupture or hernia without resort to the risks of major surgery. In this booklet petitioner asserted it to be an indisputable fact that radical surgery in the treatment of hernia results in a comparatively large proportion of actual recurrences—a return to the original condition of hernia, or to a predicament far worse than before the operation. It was further

asserted in the advertisement that resort to surgery necessitated an open wound which might, even though under sterile conditions, become infected, whereas petitioner's injection method did not admit of any exposure to infection. The advertisement then went on to claim that petitioner injected fluid in such a manner that the same did not reach the abdominal cavity, and proclaimed his ability to safely and economically cure rupture and hernia without a radical surgical operation.

The complaint filed against petitioner before the respondent board alleged these statements to be untrue and deceptive, and made for the purpose of deceiving the public and imposing upon credulous or ignorant persons. The accusation then went on to deny that it is a fact that radical surgery in the treatment of hernia results in a comparatively large proportion of actual recurrences or a return to the original condition of hernia, as claimed by petitioner in his advertisement; that petitioner's advertised claim that his method did not admit of exposure to infection was false, in that any method will not entirely avoid the risk of infection; that petitioner's advertised ability to inject his fluid into the hernia canal, so that the fluid did not reach the abdominal cavity, was false, in that it is impossible, in advance of the injection, to tell whether the fluid will or will not reach the abdominal cavity. In contravention of petitioner's advertised claim that age had no bearing on the result of petitioner's method of treatment, and that hernia could be safely and economically cured without a radical surgical operation, the complaint alleged the falsity of these claims and affirmatively set forth that the age of a patient has a bearing on the result of any method of treatment of the sick and afflicted, and that everyone suffering from hernia cannot be safely cured without a radical surgical operation.

In support of the charges against petitioner, three witnesses were called by the respondent, Board of Medical Examiners. William A. Byrne, assistant special agent of the state Board of Medical Examiners, testified that he called at the office of Dr. Fuller about the 10th of April, 1934, and had a conversation with him in which Dr. Fuller stated that the booklet which was subsequently put in evidence was prepared by or under the direction of Dr. Fuller, and was

the latter's advertisement; that Dr. Fuller further stated he had either written the booklet or supervised the writing of such parts as he did not personally write, and that the pamphlet had been distributed from his office.

Mrs. L. Greggains testified that she went to the office of petitioner and had a conversation with him concerning treatment desired by her for hernia; that she went as a result of seeing an advertisement in the newspaper; that she agreed upon a stipulated fee with Dr. Fuller, and arranged to pay him in weekly installments for his treatment of her; that while she was at his office Dr. Fuller gave her certain literature which was either the booklet entitled ''Rupture— (Hernia)—a Scientific Non-Operative Treatment'', or a booklet entitled ''Rectal and Allied Diseases''. This witness also testified that Dr. Fuller told her he could cure any case of hernia without an operation; that she was rather skeptical, but took his word for it, and said, ''What kind of guarantee can you give?'' To which the petitioner responded, ''I can't give you any guarantee; the only guarantee I can give you, when it is cured, if it comes back on you again, I will cure it over again free of charge.'' The witness further testified that she was never cured.

The only other witness called by the board was Dr. H. Glenn Bell, and it is mainly upon the testimony of this witness that the respondent board must rely to sustain its judgment, as it was by the testimony of this witness, in the main, that the board sought to show the falsity of the claims made by petitioner in his booklet, as well as their alleged deceptive character, and injurious effect upon the public morals or safety. This witness was admittedly an advocate of operative surgery for the treatment and cure of hernia. He testified that he was a licensed physician and surgeon in this state, and had been practicing medicine since 1923; that he was a graduate of the University of Cincinnati; that he had six years post-graduate training in Cincinnati; that since 1930 he has occupied the position of associate professor of surgery at the University of California; that he had treated approximately three or four hundred cases of hernia. This witness testified that the claims made by petitioner, Dr. Fuller, in his advertisement were in each and every instance false and untrue.

Petitioner testified as a witness in his own behalf, stating that he had been practicing medicine and surgery for 33 years, 21 years of which practice was in the state of California; that never before in all of his practice had a complaint been filed against him before the medical board. He testified that the claims made in his advertisement were predicated on his own long experience; upon statistics contained in reports from Johns Hopkins Hospital, and upon articles appearing in medical journals. The witness testified in detail as to the methods used by him, and told the respondent board that the claims contained in his advertisement were borne out by results obtained by him in the treatment of hundreds of these cases. The only other witness called by petitioner was Edward H. Whyte, who testified that he was the state parole officer of California; that he consulted petitioner about a year prior to the date of his testimony; that at first he was a little skeptical of the treatment, but he then testified, ''Since I got this last truss in Los Angeles, and the treatments I have received, I feel I have been well repaid.'' The witness further testified that while he was still wearing the truss to protect himself, that he was of the opinion that an eventual cure would result.

That the regulation of the practice of medicine comes as legitimately within the powers of the legislature as does the practice of dentistry, or any other of the professions which require special scientific knowledge on the part of the practitioner, there can be no doubt. It must be conceded that the legislature has power to regulate the practice of medicine, not only on the ground that it concerns public health, but also on the ground that it is the state's duty to make laws which will afford protection to public morals. There is no profession where the patient passes so completely within the power and control of the operator as does the medical patient. The right to administer anesthetics which produce local or general insensibility to pain, or drugs which may produce total or semi-unconsciousness, or otherwise affect the nervous system, should be withheld not only from all persons who are not highly skilled in the knowledge of and use of said drugs, but also from persons who are not of good moral character. Without doubt the state has the right to require that the possessor of a license to practice medicine and surgery shall be a person of good moral character, re-

liable, trustworthy and not given to deception of the public or to the practice of imposing upon credulous or ignorant persons. (*Painless Parker* v. *Board of Dental Examiners*, 216 Cal. 285, 295 [14 Pac. (2d) 67].)

On the other hand, it has been repeatedly held that the right of a licensed physician to practice is not a mere shadowy privilege, to be revoked regardless of whether the holder thereof has violated the laws of the state, but is a valuable right, to be protected at least by such safeguards as the legislature has drawn around it. The provision of the Medical Practice Act under which this petitioner was proceeded against is in the nature of a penal statute, and therefore is to be construed with a degree of strictness commensurate with the severity of the penalty it imposes; and no one can be held to have violated its provisions unless his acts come within both the letter and spirit of the law. (*Randall* v. *State Board of Medical Examiners*, 110 Cal. App. 61 [293 Pac. 790]; *McPheeters* v. *Board of Medical Examiners*, 103 Cal. App. 297 [284 Pac. 938]; *Messner* v. *Board of Dental Examiners*, 87 Cal. App. 199 [262 Pac. 58].)

However, under the weight of authority, the reviewing court has no right on *certiorari* to judge of the intrinsic value of the evidence, nor to weigh it. The writ cannot be used for the purpose of determining whether or not the evidence was sufficient, in the opinion of the reviewing court, to support the particular decision complained of, provided the inferior tribunal or board had jurisdiction and the record discloses substantial evidence to support the decision. (*Garvin* v. *Chambers*, 195 Cal. 212 [232 Pac. 696]; *Central Pacific R. R. Co.* v. *Board of Equalization*, 43 Cal. 365; *Winning* v. *Board of Dental Examiners*, 114 Cal. App. 658 [300 Pac. 866].)

Although we might be in entire accord with the views of the court below, as indicated by its finding, that the penalty imposed in this case, under all the facts and circumstances thereof, viz., revocation of petitioner's license, was out of all proportion to the element of social justice in the premises and the culpability of petitioner, if any, under the Medical Practice Act, nevertheless, the action of the respondent board is final and conclusive upon every question except questions of jurisdiction. Enlargement of a reviewing court's

authority on *certiorari* after action by the Board of Medical Examiners, empowering the court to modify the penalty imposed, must come from the legislature. While it is true there was a conflict in the evidence presented to the respondent board at the hearing before it, yet if the respondent board believed the testimony of Dr. H. Glenn Bell, such testimony, under the weight of authority, afforded grounds for the decision by respondent board that petitioner's advertising was false in fact; that it was intended or had a tendency to deceive the public or impose upon credulous or ignorant persons, and so be harmful or injurious to public morals and safety; because, where the board or tribunal whose decision is sought to be reviewed has acted upon a conflict of evidence, and where it has not acted upon an entire absence of any competent evidence, it has not exceeded its jurisdiction, and a reviewing court cannot, under such circumstances, interfere with or annul the decision rendered by the inferior tribunal, officer or board. (*Osborne* v. *Baughman*, 85 Cal. App. 224, 225 [259 Pac. 70].)

For the foregoing reasons, the judgment appealed from is modified by striking therefrom the penalty sought to be substituted by the court below for the penalty imposed by the Board of Medical Examiners, and as so modified, the judgment appealed from is affirmed.

York, Acting P. J., and Doran, J., concurred.