[Civ. No. 12598.  Second Appellate District, Division Two.—May 8, 1940.]

SAMUEL RAPPAPORT, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Maurice C. Sparling for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Assistant County Counsel, and Delvy T. Walton for Respondents.

MOORE, P. J.—A writ of review having been issued, this matter is now before us for decision as to whether or not the respondent court exceeded its jurisdiction in making the two orders by which petitioner is aggrieved.

Petitioner is an official court reporter of respondent court. Prior to the 19th day of April, 1938, department 12 of said court had for 59 days conducted a trial of the action of *Will-*

*iams* v. *Davis*. Petitioner reported 52 days of said proceedings. From the judgment entered in favor of the defendant Davis, plaintiff took an appeal by the alternative method. (Code Civ. Proc., sec. 953a.) On said 19th day of April, said plaintiff filed her written request for the preparation of a transcript in which she stated that personal arrangements had been made with the court reporters relative to their compensation (Code Civ. Proc., sec. 953b). Contemporaneously, said plaintiff and petitioner, by writing, agreed that petitioner would furnish his portion of the transcript and that plaintiff would pay petitioner a small portion of the statutory fees as the work of issuing the transcript progressed, and in the event of her ultimate success by judgment or favorable compromise, she would pay petitioner the full statutory fees for his work. A duly executed waiver of the undertaking required by said code section was filed by petitioner.

It does not appear that plaintiff ever failed to perform her obligations under the agreement as subsequently modified. But, notwithstanding her promptness, after more than seven months had passed from the date of the agreement, petitioner had transcribed but a small portion of his notes of said trial. She sought to expedite her appeal by invoking the aid of the court. On January 4, 1939, in response to an order to show cause why he should not be compelled to proceed with said transcription, the judge of department 34 of said respondent court before whom the order was returnable, made and entered its order that petitioner ''proceed immediately with the preparation of the balance of the record reported by him . . . and that the same be prepared in accordance with the written agreement heretofore made between the said reporter and appellant Edna J. Williams upon payment by her of the said reporter's compensation, as provided in said agreement and the said amendments thereto''.

Petitioner having failed to comply with said order, the same judge cited petitioner to show cause why he should not be adjudged guilty of contempt. But, before the hearing of said citation, to wit, on the 28th day of February, 1939, the judge in said department 12 of said court, upon the application of petitioner, entered an order for the purpose of vacating said order of department 34. Forthwith said plaintiff applied to this court (Division I) for a writ of review for the purpose of determining the validity of said order of department 12.

After decision annulling said order by this court [*Williams* v. *Superior Court*] (Cal. App.) 91 Pac. (2d) 152, the Supreme Court upon a hearing annulled said order made in department 12 on February 28th. (See, *Williams* v. *Superior Court*, 14 Cal. (2d) 656 [96 Pac. (2d) 334], for more complete details.) Upon a remand to the superior court, said citation theretofore issued by said department 34 came on for hearing on January 26, 1940, together with a motion of petitioner to vacate said first order of January 4, 1939. Petitioner's motion was denied but after two continuances, said contempt citation was heard on the 4th day of March, 1940, in said department 34, following which petitioner was found guilty of contempt and he was ordered to pay a fine of $500 and to be confined in the county jail until said order of January 4, 1939, should be complied with. Aiming to effect a reversal of said judgment of contempt, petitioner has asked for this review. The questions for determination are as follows:

1. Did respondent court have jurisdiction to order petitioner to prepare said transcript "in accordance with the terms" of a contingent agreement, which is contrary to public policy and void?

2. Did the judge of department 34 exceed his jurisdiction by interjecting his order into a proceeding which had been previously assigned to and was regularly pending and undetermined before department 12 of the same court?

3. Did the court have jurisdiction to enter its said order of January 4, 1939, without first giving notice to the respondent Davis?

4. Did department 34 have jurisdiction to make said order of January 4, 1939, summarily ordering specific performance of the written portion of an unadjudicated, partly oral and partly written contract in a collateral and *quasi*-criminal proceeding?

5. Did department 34 have jurisdiction to make such an order as that of March 4, 1940, adjudging petitioner guilty of contempt?

■ 1. Petitioner contends that the Supreme Court decided only that department 12 had no jurisdiction to vacate said order of January 4th. But in reaching that very conclusion the Supreme Court must have determined that in making said order, department 34 did have jurisdiction. It could not have decided otherwise in view of the provisions of

the Constitution which vests the superior court with jurisdiction over such matters and not in a particular department of said court. (Const., art. VI, sec. 6.) It was held (*Williams* v. *Superior Court,* 14 Cal. (2d) 656 [96 Pac. (2d) 334]) that department 12 had no power to interfere with a proceeding pending in department 34 because the matter had been, in accordance with the rules of said trial court, properly assigned to and was pending before department 34. Since that holding is the law of the case, we are bound thereby. ▮ If it is adjudged that in making an order the trial court acted within its jurisdiction, the inquiry ends and the order must be affirmed. (*Bridges* v. *Superior Court,* 14 Cal. (2d) 464 [94 Pac. (2d) 983]; *Fuller* v. *Board of Medical Examiners,* 14 Cal. App. (2d) 734 [59 Pac. (2d) 171]; *Homan* v. *Board of Dental Examiners,* 202 Cal. 593, 595 [262 Pac. 324]; Code Civ. Proc., sec. 1074.)

▮ But petitioner contends that the court exceeded its jurisdiction in that the order required petitioner to prepare a transcript ''in accordance with the written agreement'' which is void as against public policy. It is conceded that the Supreme Court correctly held that the validity of the agreement could not properly be determined in the case before it but only in an appropriate action filed for that purpose.

▮ After arrangements are made for the reporter's compensation, it becomes his duty to deliver the transcript with reasonable promptness to the clerk (*Gjurich* v. *Fieg,* 160 Cal. 331 [116 Pac. 745]) and upon his failure to do so, it is incumbent upon the court to require the performance of such duty. (Code Civ. Proc., sec. 953a.) By requiring petitioner to proceed with the transcription in accordance with the written agreement, department 34 was not considering the validity of the contract or the rights of the parties under it. Said order left the parties in ''*statu quo*'' in so far as it pertains to their rights or remedies. The purpose and effect of the order were to control the behavior of an adjunct of the superior court, to direct an official who had a clear duty under said section 953a. Having neither jurisdiction nor occasion to adjudge the rights of the parties under the contract, the judge directed his attention to the paramount issue before him, viz., to enforce the performance by the stenographic reporter of his said legal duty. If the court had ordered plaintiff to post a bond required by said section, or any other

particular thing not specified in the agreement, it would thereby and to that extent have attempted to adjudge the rights and duties of the parties. It was outside of the functions of the court to inquire into the personal arrangements made between said plaintiff and petitioner with respect to the compensation of petitioner for his transcript. Thus, the judge of department 34 was acting clearly within the jurisdiction of the court in ordering the petitioner to proceed, as directed by said order of January 4th.

■ 2. Petitioner's second contention is that department 34 by said order exceeded its jurisdiction by interfering with a proceeding which was regularly pending before department 12, where the law suit had been tried. But this is contrary to said decision of the Supreme Court which holds that department 34 did have jurisdiction to make said order because the proceeding had been duly assigned to department 34.

■ 3. The contention that department 34 had no jurisdiction to enter said order of January 4th without first giving notice to respondent Davis, finds no support in law. It was not essential to the jurisdiction of the court that any notice be given to respondent. When the court's attention was directed to the fact that the petitioner had been remiss in the preparation of the transcript, it was a matter purely between the reporter and the court, and the court could not do otherwise than to require petitioner to proceed with the transcribing of his notes. Such notice to appellee of the proposed proceedings of January 4th could neither add to nor take from the duty or the power of the court to perform the duty enjoined by the statute. Respondent had already stipulated to extend the time for the preparation of the transcript to February 28, 1939, practically eight weeks later than the day of the first order of department 34. A notice to him, therefore, of the court's intention to enforce the timely preparation of the transcript would have performed no useful office, for he would have no interest in the transcript until it should be finally presented for certification.

4. The fourth issue raised by petitioner has been answered in our discussion under the first proposition. We observed, however, that the record contains no evidence of the alleged oral agreement.

■ 5. As to the jurisdiction of the court to adjudge petitioner guilty of contempt on May 4, 1940, petitioner contends

that there is no evidence of wilful disobedience of said first order of January 4, 1939. Since the court did have jurisdiction to enter said order, it necessarily follows that continued failure of petitioner to comply therewith was a contempt of the court's authority. (Code Civ. Proc., sec. 1209, subd. 5.) Having such power and jurisdiction, our attention is confined to a consideration of whether there was any substantial evidence before said department 34 which would sustain its jurisdiction to punish petitioner for contempt. (*Bridges* v. *Superior Court, supra*.) ▮ In order to sustain an order for contempt, two essential facts must appear, namely: (1) There must be notice or actual knowledge of the order, for the disobedience of which citation for contempt has issued; and (2) the act ordered to be done must be within the power of the contemnor to perform. (5 Cal. Jur. 913, sec. 20.)

The record clearly shows that petitioner had notice of the entry of said first order and he makes no claim that he did not have knowledge thereof. In the second place, there is no evidence of petitioner's inability to perform. ▮ His answer to the contempt citation discloses that immediately following the entry of the order of January 4, 1939, he presented his grievances to the judge of department 12, who advised him that said agreement for the preparation of the transcript was void; that it had been impossible for him to comply with the order without resulting either in complete collapse of his physical condition, with permanent injurious effects to himself and to his life, or in the alternative, without causing him serious financial loss, which he averred he would be unable to bear. He then proceeded to state that the immediate preparation of the balance of the transcript would require a period of 60 days exclusively upon said transcript without deriving any income whatsoever from any source, and necessitating his refusal to take any work of any nature whatsoever during said period, and that his physical and financial loss would be irretrievable. In nothing that he averred did petitioner offer any valid excuse or prove his inability to comply with the court's order. The burden of proving his inability to comply with the order was upon petitioner. (*In re Pillsbury*, 69 Cal. App. 784 [232 Pac. 725]) and he has failed to carry the burden. His claim that the time spent upon the preparation of said transcript would have been a total loss is absurd in view of his obligation. The fact that he was able to con-

tinue to perform as a court reporter after the order of January 4, 1939, demonstrates that he was qualified to read the notes necessary to complete the transcript which he had been ordered to prepare.

For the foregoing reasons, the orders are affirmed.

Wood, J., and McComb, J., concurred.