[Civ. No. 6872.    Third Dist.    July 30, 1942.]

E. A. KINKLE, Respondent, v. FRUIT GROWERS SUPPLY COMPANY (a Corporation) et al., Appellants.

Farrand & Farrand, Leonard B. Slosson and Tebbe & Correia for Appellants.

Huston, Huston & Huston, Daniel Dennis and J. Everett Barr for Respondent.

SCHOTTKY, J. pro tem.—This is a motion to dismiss an appeal upon the ground that appellant has failed to perfect its appeal, that no transcript on appeal has been filed as required by law, and that appellant has not prosecuted its appeal with any diligence whatsoever.

The admitted facts are that notice of appeal was filed on December 12, 1941; notice to prepare transcript was served and filed on December 12, 1941; order requiring reporter to transcribe report of trial was signed, served and filed on December 22, 1941; that satisfactory financial arrangements were made with the reporter by appellant; that on January 12, 1942, the reporter filed an affidavit stating that because of the pressure of other matters, he could not complete the

transcript within the required time, and the court made an order extending the reporter's time for preparing the transcript to March 16, 1942; that on March 14, 1942, a similar affidavit was filed by the reporter, and the court made a further order extending the reporter's time to prepare the transcript to May 16, 1942; that on May 15, 1942, a similar affidavit was filed by the reporter, and the court made still another order extending the reporter's time to August 10, 1942; that none of said affidavits or orders was served upon respondent or his attorneys; that no motion to terminate proceedings to obtain the transcript was filed in the trial court.

We believe that under the Rules of the Supreme Court and District Courts of Appeal, the motion to dismiss should be denied. In section 1 of rule 1, it is stated:

"If the transcript for use on appeal is prepared under the provisions of section 953a of the Code of Civil Procedure and a notice is filed by the appellant requesting a transcript under said section, the time for filing the transcript of the record on appeal shall not begin to run until such transcript is approved and certified as required by law, or until the proceeding to obtain the same has been terminated in the court below by dismissal or otherwise."

In section 1 of rule VI it is provided:

"On motion to dismiss an appeal for failure to file the transcript within the prescribed time, there shall be presented the certificate of the clerk of the court below, certifying the names of the attorneys of the respective parties, the nature of the action and the relief demanded by the complaint, the amount and character of the judgment or order appealed from, the fact and date of the filing of the notice of appeal, the fact and date of filing request to the clerk to prepare a transcript, the fact and date of the settlement and filing of the bill of exceptions or the certification of the transcript prepared under section 953a of the Code of Civil Procedure, if any, and the fact and date of the entry of order of termination, if any, by the trial court of any proceeding for the settlement of a bill of exceptions or transcript. It shall be incumbent on the party moving to dismiss to show by such certificate or by affidavit that no proceeding for a bill of exceptions or transcript under section 953a is pending in the trial court, and if no such proceeding was ever instituted that the time to institute the same has expired."

It seems clear that said rules contemplate that a party who desires to move to dismiss an appeal upon the ground that the transcript has not been filed within the prescribed time should first file in the trial court a motion to terminate the proceedings to obtain a transcript. (*Engstrom* v. *Atkins,* 102 Cal. App. 393 [283 Pac. 79].) No such motion was filed in the instant case and it appears from the affidavits that the trial court signed orders granting the reporter until August 10, 1942, in which to complete the preparation of the transcript.

Respondent contends that the orders were not made in accordance with the provisions of section 953a of the Code of Civil Procedure. But these are matters which should be presented to the trial court upon a motion to terminate proceedings. However, we are constrained to state that there appears to have been undue delay on the part of the reporter in this case, and that trial courts should, in fairness to litigants, insist that court reporters give priority to the work of the superior court and not delay the preparation of transcripts on appeal in order to perform other work not connected with the work of the superior court. Litigants in appeals should not be compelled to wait upon the convenience of court reporters, and court reporters should bear in mind that their first duty is to report the cases of the superior court and that this duty includes the preparation of transcripts on appeal.

It is the duty of an appellant, as the moving party, to take the necessary steps to secure the filing of the transcript, and for want of diligence therein it is within the power of the trial court to terminate the proceedings; and while the giving of the notice to prepare the transcript within the time provided by section 953a of the Code of Civil Procedure is mandatory (*Des Granges* v. *Des Granges,* 175 Cal. 67, 71 [165 Pac. 13]), the provisions thereof and of section 953c of the Code of Civil Procedure, as to the time for filing the transcript, are directory. (*Smith* v. *Jaccard,* 20 Cal. App. 280 [128 Pac. 1023, 1026]; *Mason* v. *Straube,* 68 Cal. App. 302 [228 Pac. 872]; *Fisher* v. *Oliver,* 174 Cal. 781 [164 Pac. 800]; *Benson* v. *Olender,* 74 Cal. App. 273 [240 Pac. 61].) The determination of the question of whether or not there has been due diligence in the preparation and filing of the transcript is one resting largely in the discretion of the trial court, and an appellate court will not interfere unless

it appears that the trial court in its action has abused its discretion. (*Galbraith* v. *Lowe,* 142 Cal. 295 [75 Pac. 831].) The motion to dismiss is denied.

Thompson, J., and Adams, P. J., concurred.