[L. A. No. 19491. In Bank. Mar. 19, 1946.]

EDNA I. WILLIAMS, Appellant, v. EVERLY M. DAVIS, SR., Respondent.

Edna I. Williams, in pro. per., for Appellant.

Edward R. Young, Frank R. Johnston and E. L. Searle for Respondent.

TRAYNOR, J.—This appeal is from an order terminating the proceedings for the preparation of a record on appeal. On January 8, 1936, appellant brought an action against respondent for $50,000 as the reasonable value of services she allegedly performed. After an extended trial, judgment was entered in favor of respondent on his cross-complaint in the sum of $25,115.49. Notice of appeal was filed on April 19, 1938, and the appellant gave notice to the clerk of the trial court under section 953a of the Code of Civil Procedure for a transcript of the proceedings before the trial court. The preparation of the transcript was delayed by a controversy between plaintiff and the court reporter, Samuel Rappaport, who served during all but seven of the fifty-nine days of the trial. Under a private arrangement with appellant, Rappaport agreed to furnish the transcript upon a contingent basis. He was to receive compensation at the statutory rate if appellant won her appeal or reached a compromise and to be reimbursed meanwhile for his expenses for the necessary supplies. He refused to perform this agreement on the ground that because it was on a contingent basis, it was contrary to public policy and therefore void. In *Williams* v. *Superior Court,* 14 Cal.2d 656, 665 [96 P.2d 334], it was held that, regardless of the validity of the agreement, Rappaport was under a duty to prepare and deliver the transcript by virtue of his statement filed with the clerk, that ''appellant . . . having arranged personally with me for the payment of my compensation in connection with the preparation of the reporter's transcript and all exhibits in the case preparatory to appeal and making up said record under section 953a of the Code of Civil Procedure, I hereby waive the necessity of filing an undertaking under the provisions of said Code of Civil Procedure, relying upon the arrangement of said appellant for such compensation.'' An order entered by the judge of a department of the superior court other than the one in which the case was tried directing Rappaport to prepare and deliver a transcript was therefore

upheld. For his failure to comply with that order, Rappaport was held to be in contempt of court. (*Rappaport* v. *Superior Court*, 39 Cal.App.2d 15 [102 P.2d 526].) He was fined $500 and held in custody until the fine was paid. On September 27, 1940, he filed a reporter's transcript. After examining the transcript, appellant asserted that it contained many inaccuracies and omissions. In June, 1941, appellant submitted to the trial judge 177 typewritten pages listing alleged errors in the transcript together with the proposed corrections. She later delivered to the trial judge over 80 typewritten pages covering alleged omissions. Respondent's counsel, after examining the 177 pages of proposed corrections, returned the list to the trial court on May 18, 1943, noting the corrections to which he agreed and those to which he objected. Respondent asserts that the corrections to which he agreed, although numerous, relate to inconsequential errors and that the other proposed corrections were not corrections of mistakes in the transcript but substitutions of plaintiff's phraseology for the phraseology used by the witnesses at the trial. On May 27, 1943, the trial judge issued "Advisory notes to the parties re transcript on appeal, and certain orders in aid of appellant." He declared therein that, in his opinion, this court's decision in *Williams* v. *Superior Court, supra,* 14 Cal.2d 656, established as the law of the case that he could not take any official action with respect to the settlement of the transcript. With respect to the question whether Rappaport was under a duty to make the necessary corrections and amendments in the absence of an undertaking filed by appellant, the trial judge stated: "As to the reporter Mr. Samuel Rappaport . . . we are confronted by the unique situation that he has been once in jeopardy with respect to the preparation and completion of this transcript and, therefore, is no longer amenable to the orders of the court in connection therewith—unless he should enter into a new employment with either the appellant or the Clerk for additional work on the transcript." The trial judge accordingly included in the same document the following order: "Again assuming, but not believing, that under the law of the case I have jurisdiction to make the order, it is ordered, that as to the part of the transcript prepared by Mr. Rappaport, the plaintiff may make arrangements with the clerk . . . for the making of such modifications of the transcript as she believes should be made before presenting it to the court for certification, and he may follow the usual lawful

procedure with reference to requiring payment or undertaking for the necessary services and materials required, or she may make private arrangements with Mr. Rappaport himself, if he will, or with any official reporter of the court, for the making of such modifications.'' Despite this order appellant sought to obtain the allegedly necessary corrections and amendments from Rappaport. Rappaport refused, however, to do any work concerning the transcript without compensation at the statutory rates. Having failed to reach an agreement with Rappaport, appellant made a motion for a new trial on the theory that the recalcitrance of the reporter was equivalent to disability of the reporter within the meaning of section 953e of the Code of Civil Procedure. Her motion was denied and the order denying it was affirmed on appeal. (*Williams* v. *Davis,* 67 Cal.App.2d 274 [154 P.2d 22].) On October 22, 1943, respondent made a motion to terminate the proceedings for the preparation of the record on appeal. His motion was granted by the trial court.

Appellant contends that the trial court was without jurisdiction to terminate proceedings for a record on the ground that under the new Rules on Appeal a motion to terminate proceedings for a record is no longer part of our procedure. (*Averill* v. *Lincoln,* 24 Cal.2d 761, 764 [151 P.2d 119].) Under rule 53(b), however, the former law governs ''the preparation and filing of the record on appeal'' if the appeal was taken before July 1, 1943. The appeal from the judgment in the present case was taken in 1938. The preparation of the record on appeal is therefore governed by the former law, which defines not only the procedure to be followed with respect to the preparation of a record but also the jurisdiction of the trial court to supervise proceedings for a record and to terminate them if such termination becomes necessary to obviate injustice and delay.

Under the former law the trial court can terminate proceedings for a record if it finds that appellant was not diligent in taking the necessary steps to secure the filing of a reporter's transcript. (*Mill Valley* v. *Massachusetts Bonding & Ins. Co.,* 189 Cal. 52, 54 [207 P. 253]; *Des Granges* v. *Des Granges,* 175 Cal. 67, 71 [165 P. 13]; *Kinkle* v. *Fruit Growers' Supply Co.,* 53 Cal.App.2d 706, 709 [128 P.2d 420].) The determination of the question whether or not an appellant was diligent in the preparation of a record rests largely in the discretion of the trial court and an appellate court will

not interfere with the trial court's decision unless it appears that the trial court abused its discretion. (*Kinkle* v. *Fruit Growers' Supply Co., supra,* at 709; *Walker* v. *Etcheverry,* 38 Cal.App.2d 611, 613 [101 P.2d 709] and cases there cited.) Appellant contends that she was diligent and that the trial judge abused his discretion in terminating the proceedings.

█ It appears from the record that on May 27, 1943, when the trial court issued its "advisory notes," it was of the opinion that appellant was entitled to continue with the proceedings for a record, for at that time the trial judge advised appellant what she should do to submit a proper transcript for certification. The trial court, however, found appellant negligent on the ground that she refused to proceed to complete the transcript in accordance with the court's advice and orders of May 27, 1943, which were based on the assumption that Rappaport's duty to deliver a transcript as held in *Williams* v. *Superior Court, supra,* 14 Cal.2d 656, had become unenforceable on the ground of double jeopardy and that therefore, in order to have the transcript corrected or amended, appellant would have to file an undertaking or make a new arrangement with the reporter. Appellant's failure to do either was not negligence, however, if the order sustained in *Williams* v. *Superior Court, supra,* was still enforceable.

█ It is settled that by virtue of the original undertaking or waiver thereof a reporter is under a duty to work on the transcript without compensation until the final approval of the transcript by the judge. (*Gjurich* v. *Fieg,* 160 Cal. 331, 334 [116 P. 745].) █ Rappaport's punishment for failure to file a transcript did not make him immune from punishment for subsequent disobedience of the same order, if he filed an incorrect and incomplete transcript and failed to correct it. "Disobedience of any lawful judgment, order or process of the court is a contempt (Code Civ. Proc., § 1209), and every separate act of disobedience is a separate contempt." (*Solano Aquatic Club* v. *Superior Court,* 165 Cal. 278, 279 [131 P. 874] ; *Golden Gate etc. Co.* v. *Superior Court,* 65 Cal. 187 [3 P. 628] ; *Ex parte Stice,* 70 Cal. 51, 58 [11 P. 459] ; *In re Shuler,* 210 Cal. 377, 406 [292 P. 481] ; *Lindsley* v. *Superior Court,* 76 Cal.App. 419, 433 [245 P. 212] ; *In re Morris,* 194 Cal. 63, 69 [227 P. 914] ; *State* v. *Kasherman,* 177 Minn. 200 [224 N.W. 838] ; *State* v. *Roby,* 142 Ind. 168 [41 N.E. 145, 51 Am.St.Rep. 174, 33 L.R.A. 213] ; see 22 C.J.S. p. 373.)

752

■ In the present case the appeal has been delayed for years by appellant's difficulties with Rappaport in obtaining a transcript. It is the trial court's position that since appellant herself objects to the certification of the transcript filed by the reporter, it is incumbent upon her to procure a transcript that she will acknowledge as proper for certification. Former section 953a of the Code of Civil Procedure, which is applicable to these proceedings, imposes no such duty on an appellant. If an appellant files an undertaking or the reporter waives the filing thereof, it is the duty of the reporter to prepare the transcript, subject to the supervision of the court. Section 953a provided that after an appellant has filed notice requesting that a transcript be prepared "it shall be the duty of the court to require a stenographic reporter thereof to transcribe fully and completely the phonographic report of the trial and also all proceedings taken on motion for a new trial and all matters to which the same relate." That section also provided: "Upon the transcript being filed, it shall be the duty of the clerk forthwith to set a time (such time to be not more than ten (10) days after the filing of the transcript) for presenting it to the judge for approval, and to give notice of the filing of the transcript, and of the time set for presenting it to the judge, to the attorneys appearing in the cause, not less than five (5) days before the time so set. At the time specified in the notice of the clerk to the attorneys, said transcript shall be presented to the judge for his approval, and the judge shall examine the same and see that the same is a full, true and fair transcript of the proceedings had at the trial, the testimony offered or taken, evidence offered or received, instructions, acts or statements of the court, also all objections and exceptions of counsel and matters to which the same relate, also all proceedings taken on motion for a new trial and all matters to which same relate. The judge shall thereupon certify to the truth and correctness of said transcript and the same shall, when so settled and allowed, be and become a portion of the judgment roll and may be considered on appeal in lieu of the bill of exceptions now provided for by law." (§ 953a, subd. 5-7.) ■ A transcript prepared by the official court reporter is "a transcript made up by an officer of the court whose business it is, when so required at the trial, to make a record of all the evidence and proceedings." (*Allen* v. *Conrey*, 22 Cal.App. 409, 412 [134 P.

730].) The statute affords an opportunity to both parties to raise objections to the transcript, for it provides that the clerk shall notify the parties of the filing of the transcript and of the time when it will be presented to the judge. Although the parties may call the judge's attention to what they deem inaccuracies in the transcript, it is for the judge to examine the transcript and to determine whether it fully and accurately reflects the proceedings reported. If he determines that it does he will certify the transcript. If he finds the transcript incorrect or incomplete, he will require the reporter to correct or amend it. In the present case appellant advised the trial judge in writing of her objections to the transcript and of the corrections and amendments that she deems necessary to make the transcript "a full, true and fair transcript" for certification as required by section 953a. If the trial judge in the light of those suggestions finds the transcript incomplete or incorrect he must direct the reporter to make the necessary changes or amendments.

The order is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.