[L. A. No. 25847.   In Bank.   Jan. 27, 1961.]

THE CITY OF LOS ANGELES, Respondent, v. JAMES E. VAUGHN, Appellant.

*Assigned by Chairman of Judicial Council.

Anson, Gleaves & Larson and Milnor E. Gleaves for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones and James A. Doherty, Assistant City Attorneys, and Robert C. Summers, Deputy City Attorney, for Respondent.

McCOMB, J.—The city of Los Angeles brought this action to recover a sum alleged to be due and owing by defendant as a business license tax for the years 1956, 1957 and 1958.

Defendant is one of a group of official reporters of the Superior Court of the State of California in and for the County of Los Angeles upon whom such tax was sought to be imposed by the city under section 21.190 (subd. a) of the Los Angeles Municipal Code.[1]

_____

[1]Section 21.190 (subd. a) provides: ''Every person engaged in any trade, calling, occupation, vocation, profession or other means of liveli-

Defendant filed a general demurrer to the complaint, which demurrer was overruled. Defendant did not answer and permitted judgment to be taken against him, from which he appeals.

■■ Question: *Is an official court reporter of the Superior Court of the State of California as a matter of law engaged in business "as an independent contractor and not as an employee of another" when he prepares reporter's transcripts from the notes taken by him during civil trials, at the request of attorneys or other persons entitled by law to request the preparation of such transcripts?*

*No.* Defendant is an officer and employee of the Superior Court of the State of California in and for the County of Los Angeles, and the preparation of civil transcripts by him constitutes part of his official duties provided for by law.

The Legislature has authorized the superior court to appoint official court reporters and to retain them "during the pleasure of" the appointing judge or judges (see, generally, Gov. Code, § 69941), and has classified such reporters among the "officers and employees" of the court (see, for example, Gov. Code, §§ 69894.1 and 69894.4 relating to Los Angeles County[2]).

Section 69956 of the Government Code requires the reporter to perform the duties required of him by law. One of these duties is the preparation of civil transcripts, and this duty is mandatory "if . . . requested by either party." (Code Civ. Proc., § 269.)

■ Plaintiff argues: First. *That since the reporter's compensation for the preparation of a civil transcript comes from the party demanding it, he is not acting in his official capacity in preparing such a transcript.*

This contention is unsound, for the reason that the source or method of compensation is not determinative of the reporter's status. None of his compensation for duties performed under section 269 of the Code of Civil Procedure comes from the court. His statutory salary comes from the

hood, as an independent contractor and not as an employee of another, and not specifically licensed by other provisions of this Article, shall pay a license fee in the sum of $12.00 per calendar year or fractional part thereof for the first $12,000 or less of gross receipts, and in addition thereto, the sum of $1.00 per year for each additional $1,000 or fractional part thereof, of gross receipts in excess of $12,000."

[2]Gov. Code, §§ 69894.1 and 69894.4, presently governing Los Angeles County, were not enacted until 1959 and hence were not in effect during the years for which the tax is here sought to be imposed. However, former section 69899.6 which they in part superseded and which was in effect during such time, referred to "*Employees of the superior court, except court commissioners and reporters . . .*" (Italics added.)

county in which he is employed (see, for example, § 69894.4 relating to Los Angeles County), while the statutory fee for a civil transcript must be paid by the party demanding it. (Gov. Code, § 69953.)

Although the duty of reporting must be performed at every trial, the duty of preparing a transcript arises only on demand of a party, and the Legislature has provided the method of compensation accordingly. It has further provided that the statutory fees for transcripts shall cover the costs of necessary supplies for this purpose and that the county shall not be obligated to furnish them. (Gov. Code, § 68073.) This difference in method of compensation, however, does not support the view that the reporter has gone into business as an independent contractor when he performs this particular statutory duty.

■ Second. *That the court has and will exercise only minimal control over reporters with reference to the preparing and furnishing of reporter's transcripts in civil cases.*

This argument is also devoid of merit. The superior court has absolute control over the reporter at all times through its power to discharge him at will. (See, generally, Gov. Code, § 69941.)

■ In determining whether an individual is an employee or an independent contractor, the most important factor is the *right* to control the manner and means of accomplishing the result desired. If the employer has the right to exercise complete control, an employer-employee relationship exists, whether or not that potential control is exercised with respect to all details. ■ The right to discharge an employee at will, without cause, is strong evidence of the employer's control. (*California Emp. Com.* v. *Los Angeles etc. News Corp.*, 24 Cal.2d 421, 424 [1]-[3] [150 P.2d 186].)

■ The Judicial Council has provided in the Rules on Appeal that when a party requests a civil transcript, the request goes to the county clerk. It is the clerk who requests and receives from the reporter the estimate of the cost of the transcript and who notifies the requesting party of such cost. Also, it is with the clerk that such party makes his deposit, and it is with the clerk that the reporter files the original and one copy of the completed transcript. It is the clerk who applies the amount deposited by the party to the statutory fee due the reporter. (Rules on Appeal, rule 4, 50 Cal.2d 3.)

■ The ultimate content of the transcript is that which is settled by the trial judge, not by the reporter. (Rules on

Appeal, rule 8(b), 50 Cal.2d 11; *Williams* v. *Davis*, 27 Cal.2d 746, 753 [10] [167 P.2d 189].)

It is thus obvious that the Judicial Council does not consider the reporter an independent contractor who does business on the side in selling transcripts, since it has provided in the Rules on Appeal that the preparation of civil transcripts is a court function and part of the judicial process and is to be under the direct supervision and control of the court. This court has so held in *Williams* v. *Davis, supra,* where it was said at page 752: "If an appellant files an undertaking or the reporter waives the filing thereof, it is the duty of the reporter to prepare the transcript, subject to the supervision of the court."

*Summers* v. *Superior Court,* 53 Cal.2d 295 [1 Cal.Rptr. 324, 347 P.2d 668], relied on by plaintiff, is not applicable to the facts of the present case. The cited case holds only that once a transcript has been prepared and filed, the trial court has no jurisdiction to pass on disputes between the reporter and the party requesting the transcript over the fees charged therefor. The validity of an agreement between such parties relative to fees is a question to be determined in a separate action. (P. 297 [2a].)

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.

Respondent's petition for a rehearing was denied February 21, 1961.