[Sac. No. 1903. In Bank.—July 1, 1911.]

EMANUEL GJURICH, Appellant v. FANNY FIEG, Respondent.

APPEAL—ALTERNATIVE METHOD—DUTY OF REPORTER TO MAKE AND FILE TRANSCRIPT—PAYMENT OF REPORTER'S FEES.—Where an appeal is taken under the alternative method provided by sections 953a and 953b of the Code of Civil Procedure, it is the duty of the stenographic reporter to make a transcript of the report of the trial within twenty days after the notice of appeal has been given and to file such transcript with the clerk. He cannot refuse to so file it because his fees remain unpaid.

ID.—APPELLANT'S UNDERTAKING—REPORTER MAY ENFORCE FOR FEES.—
The undertaking given by the appellant to the clerk is security until
such time as the exact amount due to the reporter can be known,
and this cannot be known until the final approval of the transcript
by the judge. Thereupon the appellant becomes liable for the just
fees of the reporter so determined, and upon his failure to pay them
recourse may be had against him and the sureties on such undertaking.

ID.—DISMISSAL OF APPEAL — FAILURE TO FILE TRANSCRIPT IN TIME—
MANDAMUS AGAINST REPORTER.—The failure to file the transcript
within the time limited by law, owing to the reporter's refusal to file
it with the clerk because of the non-payment of his fees, will not
warrant a dismissal of the appeal, notwithstanding the appellant
neglected to enforce such filing within a reasonable time by a pro-
ceeding in *mandamus* against the reporter.

MOTION to Dismiss an Appeal from a judgment of the
Superior Court of San Joaquin County. W. B. Nutter, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Webster & Webster, and Charles Light, for Respondent.

HENSHAW, J.—This is a motion to dismiss an appeal upon
the ground that the transcript has not been filed within the
time limited by law. The question involves a consideration
of certain portions of sections 953a and 953b of the Code of
Civil Procedure. The appeal was taken under the new alter-
native method. Appellant filed his notice as required by sec-
tion 953a and gave the bond exacted by the clerk in the penal
sum fixed by that officer as contemplated by section 953b. The
stenographic reporter in due time prepared his transcript of
the matters required and tendered the same to the clerk of
the trial court with a demand for the payment of his fee. No
moneys being in the hands of the clerk with which to pay this
fee, the reporter refused to leave the transcript, did not in fact
leave it, and the clerk never since has had possession of it.
Upon this state of facts respondent insists that the appeal
should be dismissed, contending that the purpose of the under-
taking contemplated by section 953b is to secure the clerk only
until such time as the reporter has made the transcript and
the amount of the fee or charge therefor has become definitely
known.

If such were the true construction, then the long delay which has resulted in this case, if unexplained, would afford ample ground for the dismissal sought. But we do not so construe the provisions of the law. It is made the duty of the stenographic reporter, not only to make his transcription, but to "file the same with the clerk of said court." It becomes the clerk's duty immediately upon such filing to give notice to the attorneys that the transcript has been filed and that within the time limited by law he will cause it to be presented to the judge for approval. At the time so specified in this notice of the clerk to the attorneys the clerk shall so present the transcript to the judge for his approval and the judge is to review it and see that the same is full, true, and fair. When so satisfied the judge certifies to the truth and correctness of the transcript and when so certified it "becomes a portion of the judgment-roll." Nothing in all of this contemplates that the stenographic reporter has the right to withhold delivery of the transcript until the payment of his charge. Everything in the section tends to a contrary construction. Thus, it is made the duty of the stenographic reporter not alone to make his transcription within twenty days after notice, but to file this transcript with the clerk of the court. This filing is as much a duty imposed upon him by law as is the making of the transcription, and he can no more refuse to do the one without prepayment of his charge, than he can the other. Moreover, it is provided that the judge shall review the transcript and approve it only when to his satisfaction it is established that it is full, true, and correct. This may involve the striking out by the judge of superfluous matter ordered in appellant's notice (for the cost of the transcription of which, of course, appellant would be liable), but it may equally well involve the mistaken insertion by the stenographic reporter of matters not ordered by the appellant and for the transcription and insertion of which, of course, appellant should not be compelled to pay. To say that the law contemplates the payment of the demand of the stenographic reporter at the time when the transcript is presented to the clerk for filing is to deprive the appellant of any right to object to the fees charged, or by objecting force the appeal to await the final determination of this controversy between the stenographic reporter and the appellant. The law desires and urges a speedy determination of appeals and it is not to be supposed

that it ever contemplated either such injustice to an appellant or the delaying of an appeal to settle such a minor separate controversy. The true, and we think the obvious construction of the statute is that the undertaking given to the clerk is security until such time as the exact amount due to the reporter can be known, and that this cannot be known until the final approval of the transcript by the judge. Thereupon and thereafter the appellant becomes liable for the just fees of the stenographic reporter so determined, and upon his failure to pay them recourse may be had against him and the sureties on his undertaking filed with the clerk.

In this view of the law it was, of course, within the power of the appellant to have had mandate issued against the stenographic reporter to compel him to file his transcript with the clerk as the law contemplates, and in ordinary cases appellant's failure to do this within a reasonable time might be construed to be such lack of diligence as to justify the dismissal of an appeal. But the practice being new and this question being presented to the court for the first time appellant should be allowed a reasonable time after this determination within which to proceed to perfect his appeal in the manner here intimated, or in such other manner as may be thought appropriate.

The motion to dismiss is, therefore, denied.

Angellotti, J., Shaw, J., Sloss, J., Melvin, J., and Lorigan, J., concurred.

Rehearing denied.