[Civ. No. 3318. Second Appellate District, Division Two.—May 14, 1920.]

## M. H. HARRIS, Respondent, v. BESSIE M. BURT (a Widow), Appellant.

[1] APPEAL—ALTERNATIVE METHOD—DUTY OF REPORTER TO MAKE AND FILE TRANSCRIPT.—Where an appeal is taken under the alternative method provided by sections 953a and 953b of the Code of Civil Procedure, it is the duty of the stenographic reporter to make a transcript of the report of the trial within twenty days after the notice of appeal has been given and the bond provided for in said sections has been filed, and to file such transcript with the clerk. He cannot refuse to so file because his fees remain unpaid.

[2] ID.—REFUSAL OF REPORTER TO PREPARE TRANSCRIPT—DUTY OF APPELLANT—DISMISSAL OF APPEAL.—Where an appeal is taken under such alternative method and the stenographic reporter refuses to · make a transcript of the report of the trial until his fees are paid in advance, the appellant, with knowledge of such refusal, should take legal steps, by *mandamus* or otherwise, to compel the reporter to act, and if he does not do so, and the clerk's and the reporter's transcripts are not filed in the appellate court within the time provided by law and the rules of the supreme court, a motion to dismiss the appeal will be granted.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County. Appeal dismissed.

The facts are stated in the opinion of the court.

R. T. Lightfoot for Appellant.

Arthur Wright for Respondent.

THOMAS, J.—Motion to dismiss appeal. From the record before us it appears that a judgment was entered against the defendant here in the superior court of Los Angeles County on the twenty-first day of June, 1919, for a total sum of $412.74; that on the third day of July, 1919, a notice of appeal to the supreme court was filed by the defendant in that court; that at the same time and place defendant also filed a demand for transcript, in accordance with the provisions of section 953a of the Code of Civil Procedure, and gave an undertaking on appeal, with stay of

execution, duly approved by the clerk of that court, as well as the undertaking provided for by section 953b of the Code of Civil Procedure, in the sum of one hundred dollars, agreeing to pay to the clerk the cost of preparing such transcript, which undertaking was likewise duly approved by the clerk; and that thereafter the clerk prepared what is usually denominated as the "Clerk's Transcript," which transcript was regularly filed in the superior court.

It also appears that the official reporter who reported the case, Mr. Henry Henderson, received no notice requiring the preparation of a phonographic report of the trial until Saturday, July 26, 1919, and that until the receipt of such notice he had no knowledge that defendant intended to appeal the case. On Monday, July 28, 1919, the official reporter wrote, signed, and mailed, with postage prepaid, a letter addressed to defendant's attorney of record, and who appeared before this court in opposition to this motion, which letter was in words and figures as follows:

"Room 560, Court House.

"Los Angeles, Cal., July 28, 1919.

"Mr. R. T. Lightfoot,

"Attorney at Law,

"916 Washington Bldg., City.

"Dear Sir: Saturday noon your notice of appeal and request for transcript in *M. H. Harris* vs. *Bessie M. Burt,* No. B71930 was handed to me, being the first notice I had had that you desired a transcript, and now, at my first opportunity, I have looked up the case and made an estimate of the cost thereof. The estimate of my fees for the Reporter's Transcript on Appeal is $53.20. If you desire an office copy the fee will be one-half more, or $79.80. I notice your notice was filed July 3rd, but if you have complied with your part of the statutory requirement, the provision as to time of filing transcript being, as I understand, merely directory, your client's rights would, I assume, not suffer by the delay. Having had no communication from you or any one about it until Saturday, I am not to blame. If you wish me to go ahead with the work, upon prepayment of my fees I will do so promptly.

"Respectfully yours,

"(Signed)   HENRY HENDERSON,

"Official Reporter."

The statements contained in this letter are not denied. They are without conflict. Mr. Henderson, in his affidavit into which the foregoing letter is incorporated, says that he heard nothing further regarding the transcript or the proposed appeal "until just recently, when he was informed by plaintiff's attorney of the circumstances of the present motion to dismiss the appeal."

Nothing has ever been done by appellant, or anyone else, except as above stated. There has not been filed with the clerk of the supreme court, or with the clerk of this court, any transcript, brief or other papers, except those in connection with the motion now before us.

The motion is based upon two grounds: (1) That the transcript of the record in said action has not been filed; and (2) that no points and authorities have been filed. The motion is based upon the certificate of the clerk of the superior court in which said cause was tried, and the affidavit of respondent's attorney.

It is contended by appellant that, having done all that the law requires in order to be entitled to the benefit of an appeal under the so-called "alternative method," she should not be made to suffer because of the neglect, failure or refusal of the clerk to perform his duty. In this we quite agree. But such things do sometimes happen in the best regulated offices. When they do, and when this fact is known, as in the instant case, by the appealing party, the latter cannot sit idly by neglecting, failing, or absolutely refusing to avail himself of any of the several provisions of law to compel the performance by the proper officer of his duty in such case, and by such neglect, failure, or refusal succeed in depriving the opposing litigant of the fruits of a righteous judgment (if such it be), and escape the granting of a motion to dismiss the appeal under such circumstances.

There are on file before us two certificates by the county clerk of Los Angeles County. By one of these it is shown that the judgment attempted to be appealed from was entered on June 9, 1919. By the other, the same judgment is shown to have been entered on June 21, 1919. Which certificate is correct, we do not assume to say; but have given appellant the benefit of our doubt, and have accepted the latter as showing the correct date of entry.

Section 953a of the Code of Civil Procedure provides, among other things, that "any person desiring' to appeal from any judgment . . . to the supreme court or any of the district courts of appeal, may . . . file with the clerk of the court from whose judgment . . . said appeal is taken . . . a notice stating that he desires or intends to appeal, or has appealed therefrom, and requesting that a transcript of the testimony . . . be made up and prepared. Said notice must be filed within ten days after notice of entry of the judgment." With this provision in mind, there being nothing before us to show when, if at all, appellant was served with notice of entry of the judgment from which she attempts to appeal, and the notice of appeal, as we have already seen, having been filed on July 3, 1919, it will be assumed that such notice was filed as by said section provided. From the certificates of the clerk referred to, it appears that no transcript of the phonographic report of the trial has been prepared or filed "in the office of the county clerk, as demanded and for which bond was given, and the time for settling and approving same has expired."

There is conflict in the evidence as to whether appellant's attorney ever made demand on the court reporter for such transcript, except by filing such notices and undertakings with the clerk as stated. Appellant's attorney says that he did make such demand; while the reporter, on the other hand, says that appellant's attorney "has not communicated with affiant either verbally or in writing relative to said transcript." We think, however, that this is immaterial. At any rate, we are certain that for a long time, taking the affidavit of appellant's attorney at its full face value, the latter well knew that such transcript had not been prepared, and that the reason for it was, according to his own statement, as set forth in his affidavit, "that said Henderson *refused at all times* to deliver said stenographic report unless he should have been paid in advance therefor by the defendant and appellant." (Italics ours.)

[1] "Where an appeal is taken under the alternative method provided by sections 953a and 953b of the Code of Civil Procedure, it is the duty of the stenographic reporter to make a transcript of the report of the trial within twenty days after the notice of appeal has been given" and the bond provided for in said sections has been filed, "and

to file such transcript with the clerk. He cannot refuse to so file because his fees remain unpaid." (*Gjurich* v. *Fieg,* 160 Cal. 331, [116 Pac. 745].) Rule II of the supreme court provides that "the appellant in a civil action shall, within forty days after an appeal is perfected, except as hereinafter stated, serve and file the printed transcript." Following this is a provision covering the procedure where the appeal is taken by the method adopted in the case at bar. Section 3 of that rule provides that "the time above limited may be extended by written stipulation, or by order, based on affidavit, showing good cause therefor." Section 953a, *supra,* provides that "upon receiving said notice *it shall be the duty of the court to require the stenographic reporter to transcribe fully and completely the phonographic report of the trial.*" (Italics ours.) Section 1085 of the Code of Civil Procedure provides that a writ of mandate "may be issued . . . to any . . . person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. . . ." Here, then, are indicated various methods which appellant might have pursued, and by so doing avoid her present unfortunate situation, the first of which would have cost nothing but a few moments for the preparation of the necessary papers, and their service upon the stenographer. The second would probably have produced the desired result with but little inconvenience or expense on the part of appellant. For we cannot believe that any stenographer would disregard the order of the judge in whose department he was reporting, particularly, upon such judge calling his attention to the case of *Gjurich* v. *Fieg, supra.* The latter method—writ of mandate—without doubt would have resulted satisfactorily.

[2] With these facts before us, and considering the same in the light of the case above cited (where the supreme court, in intimating what might be considered the proper procedure, said: "In this view of the law it was, of course, within the power of the appellant to have had mandate issued against the stenographic reporter to compel him to file his transcript with the clerk as the law contemplates, and in ordinary cases appellant's failure to do this within a reasonable time might be construed to be such lack of diligence as to justify the dismissal of an appeal")—that

case having been decided July 1, 1911, more than eight years ago—we think that a denial of respondent's motion would be a miscarriage of justice, and would transcend the limits of both precedent and reason.

It was not to respondent's interest to take any steps other than those taken here. Appellant cannot in one breath insist that she believes her attempted appeal to be well taken and in the next that it is immaterial to her whether the stenographer ever prepares and files such transcript. If it be contended that appellant had the right to await the pleasure of the stenographer, we answer that in availing herself of such right she must use it in such a way as not to infringe upon the rights of respondent here. There being, as we have' seen, legal methods by at least one of which appellant could have compelled the reporter to act, and failing or refusing to avail herself thereof, she cannot now be permitted to take advantage of her own neglect and by so doing defeat this motion. In our opinion the legal maxim: ''The law helps the vigilant, before those who sleep on their rights,'' applies here.

It is therefore held that because of the facts with which we are confronted, and for the reasons herein expressed, the motion presented must be granted.

The appeal is dismissed.

Finlayson, P. J., and Weller, J., concurred.