[L. A. No. 17263.   In Bank.—November 28, 1939.]

EDNA I. WILLIAMS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Delvy T. Walton and B. R. Ware for Petitioner.

J. H. O'Connor, County Counsel, and Douglas De Coster, Assistant County Counsel, for Respondent Superior Court.

KNIGHT, J., *pro tem.*—An order was made by the judge of department 34 of the Superior Court of Los Angeles County citing Samuel Rappaport, one of the official stenographic reporters of the superior court of that county, to appear before said department on March 6, 1939, then and there to show cause why he should not be adjudged guilty of contempt for failing to comply with a previous order made by the judge of said department on January 4, 1939, directing said reporter to proceed immediately with the preparation of a reporter's transcript in accordance with the written agreement theretofore made by him with the petitioner herein, Edna I. Williams, under the authority of section 953b of the Code of Civil Procedure. But pending the hearing of the contempt matter and on February 28, 1939, the judge of another department of said superior court, number 12, made an order which, among other things, purported to declare void for want of jurisdiction the order made by the judge of department 34 upon which the citation for contempt was based. Thereupon petitioner instituted this proceeding in *certiorari* in the District Court of Appeal of the Second District, for the purpose of having reviewed and annulled the order so made on February 28, 1939, by the judge of department 12. In response to the writ that was issued there was filed in said District Court of Appeal a demurrer to the petition for the writ and a certified copy of the proceedings had in both departments of said superior court pertaining to the making of the two orders above mentioned; and following a hearing the District Court of Appeal rendered its decision annulling the order so made by the judge of department 12. Thereafter on respondents' application the cause was transferred to this court for hearing and determination.

The proceedings leading up to the making of the order under review, as they are shown by the record, and out of which the jurisdictional questions arise, are these: Petitioner took an appeal pursuant to the alternative method provided by section 953a of the Code of Civil Procedure from an adverse judgment entered after trial on the merits in an action brought by her in the Superior Court of Los Angeles County.

The action was tried in department 12 and consumed 59 court days. Three stenographic reporters officiated, one of whom was Rappaport, and his services covered all but seven of the 59 days. Section 953b of the Code of Civil Procedure provides that at the time an appellant files a request for the preparation of a transcript on appeal as required by the preceding section he shall file also an undertaking in an amount to be fixed by the clerk of the court to insure the payment of the costs of the transcript, or he ''may arrange personally with the stenographic reporter for his compensation''. Petitioner made such an arrangement with each of said reporters and thereupon they joined in filing a waiver of the giving of the undertaking provided for in said section 953b. Two of the reporters, Cree and Hanna, carried out the arrangements made with them. In due time they prepared and delivered those portions of the transcript for which they were accountable, and petitioner paid them approximately $363 in full for their services. The arrangement made with Rappaport was confirmed by a written agreement dated April 19, 1938, which he himself prepared. It was signed by him and petitioner, and sets forth specifically the terms under which he agreed to prepare and deliver, and was to be paid for said transcript. On April 29, 1938, and again on June 4, 1938, he prepared written modifications of the agreement which likewise were signed by both parties; and each modification contained a concluding clause to the effect that except as therein stated the original agreement remained in full force and effect. By the terms of said agreement Rappaport agreed to furnish petitioner with the original and one copy of the reporter's transcript ''upon a contingent basis'', the substance of which was that petitioner would pay for the transcript at the statutory rate if she was successful in her appeal or recovered from the defendant either by judgment or compromise, but in any event, that she would reimburse Rappaport from time to time as the work progressed for the cost of the supplies required to prepare the record. Admittedly petitioner complied with her part of the agreement. During the eight months following the making thereof she paid Rappaport approximately $510 of which amount $310 had been used to defray the expenses of the copying of the exhibits and for the purchase of supplies; but during said

eight months' period he had transcribed less than seven of the fifty odd days of the court proceedings he had reported, so that at the end of that time there remained in his possession $120 for which he had rendered no service. Petitioner made repeated demands upon him to complete the transcript, but his excuse for the delay was that he was engaged in other reportorial duties; meanwhile the time to file the transcript had been extended by stipulation and court order, the last extension granted being on October 7, 1938, which extended the time to February 28, 1939. In November, 1938, petitioner became apprehensive that the transcript would not be completed within the allotted time; whereupon by way of application for an order to show cause supported by affidavit she brought the matter to the attention of the presiding judge of said superior court. By virtue of the provisions of section 67a of the Code of Civil Procedure, the presiding judge of the Superior Court of Los Angeles County is authorized to "distribute the business of the court among the judges thereof, and prescribe the order of business and perform such other duties as the judges of the said court may by rule provide"; and section 4 of rule 15 of the rules of said court provides that all orders to show cause shall unless otherwise ordered by the presiding judge be heard in the order to show cause department. Acting under the authority thus conferred upon him the presiding judge after first having referred the matter for investigation to a committee of judges of said court known as the "reporter's committee", directed that the application for the order to show cause be presented to the judge of the order to show cause department; and this was done. Department 34 was the order to show cause department; and on December 23, 1938, the judge thereof issued an order directing Rappaport to show cause therein on January 4, 1939, why he should not be compelled to proceed with the preparation of the record in accordance with said agreement; also why he should not be suspended from his duties as an official reporter of the court until the record was completed. The reporter was present at the hearing on the date set, the agreement between the parties was produced and received in evidence, and in connection therewith it was shown that he still retained $120 of the total amount paid for which he had furnished no part of the transcript. Rappaport made no

counter showing, nor did he object to the matter being heard before that department; whereupon an order was made directing him to proceed immediately with the preparation of the transcript in accordance with the written agreement theretofore made by him. On February 24, 1939, the judge of said department heard and denied an application made by Rappaport to have said order vacated; and on February 27, 1939, the order was made by said judge directing Rappaport to appear therein on March 6, 1939, and show cause why he should not be adjudged guilty of contempt for failure to comply with its previous order. But on that same day, February 27, 1939, Rappaport applied to and obtained from the judge of department 12 an order shortening time to present a motion therein on the following day at 2 o'clock. The purpose of the motion was, as stated in the notice thereof, to obtain an order extending the time to file the transcript; but there was served therewith a copy of a petition addressed to the court and a letter written to petitioner by counsel for Rappaport, wherein it was stated that Rappaport had been advised that the agreement theretofore made by him for the preparation of the transcript, being on a contingent basis, was contrary to public policy and therefore void; that nevertheless he was willing to proceed with the preparation of the transcript provided petitioner entered into a new agreement with him to pay for the transcript as delivered at the rate of 22½ cents a folio. Rappaport's motion was heard in department 12 at the time set, and at the conclusion of the hearing the judge of said department made the order here under review. It covers some 25 pages of the typewritten record, and analyzed shows the following: first, it declares void for want of jurisdiction the order made on January 4, 1939, by the judge of department 34, directing Rappaport to proceed immediately with the preparation of the transcript in accordance with the agreement theretofore made by him; secondly, it decrees that said agreement is void as being in its nature contrary to public policy; third, it extended the time to file the transcript to March 31, 1939; and fourth, it provided that if before the expiration of the time granted, petitioner entered into the new arrangement with the reporter on the terms proposed by him in said letter, or one otherwise satisfactory to him, which would be free from any contingent fea-

tures, and if within the time granted petitioner gave "some assurance to the court of willingness to pay for a transcript" at the statutory rate, the reporter would be directed to proceed with the preparation of the transcript and further extensions of time would be granted to complete and file the same.

We are of the opinion that in making the foregoing order the judge of department 12 exceeded his jurisdiction. The state Constitution (art. VI, sec. 6) provides for but one superior court in each county, and that for each of said courts at least one judge shall be elected; it further provides that there may be as many sessions of said court at the same time as there are judges elected, appointed or assigned thereto, and that the judgments, orders and proceedings of any one session of the superior court held by any one or more of the judges thereof shall be equally effectual as though all the judges of said court presided at such session. Accordingly, it has been held that jurisdiction is vested by the Constitution in the court and not in any particular judge or department thereof; and that whether sitting separately or together, the judges hold but one and the same court. (*Graziani* v. *Denny,* 174 Cal. 176 [162 Pac. 397].) It follows, therefore, that where a proceeding has been duly assigned for hearing and determination to one department of the superior court by the presiding judge of said court in conformity with the rules thereof, and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, it is beyond the jurisdictional authority of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned. (*People* v. *Wong Bin,* 139 Cal. 60 [72 Pac. 505].) In other words, while one department is exercising the jurisdiction vested by the Constitution in the superior court of that county, the other departments thereof are as distinct therefrom as other superior courts. (*Cottrell* v. *Cottrell,* 83 Cal. 457 [23 Pac. 531].) If such were not the law, conflicting adjudications of the same subject-matter by different departments of the one court would bring about an anomalous situation and doubtless lead to much confusion. (*Giffen* v. *Christ's Church,* 48 Cal. App. 151 [191 Pac. 718].)

■ Here, as will be noted, at the time the judge of department 12 made the order under review, the proceeding which had been duly assigned to department 34 for hearing and determination had not been finally disposed of therein. The contempt proceeding invoked for the enforcement of the court's previous order was still pending, and during the pendency thereof the judge of department 12 made the order in question, the obvious purport of which was to nullify the proceedings which were then taking place in department 34. This the judge of department 12 was without jurisdiction to do. ■ As said in *People* v. *Wong Bin, supra,* the judge presiding in one department has the power to make and enforce all orders necessary for the disposition of the proceeding that has been assigned to his department, and no judge sitting in any other department can interfere with him in the exercise of such power.

The recitals embodied in the order under review indicate that the judge of department 12 proceeded upon the theory that the proceedings which were being carried on in department 34 were "void on the face of the record". But the reasons set forth in the order do not warrant such conclusion. ■ One of the principal ones given is that the proceeding involving the controversy over the preparation of the reporter's transcript properly belonged in department 12 wherein the cause had been tried on the merits. As above pointed out, however, the provisions of said section 67a and the rule of court to which reference has been made confer upon the presiding judge of the superior court full power of assignment. ■ And in any event, it is well settled that if one department of a court exercises authority in a matter which might properly be heard in another, the action constitutes at most an irregularity and does not affect the jurisdiction. (*In re Johnson,* 101 Cal. App. 110 [281 Pac. 435] ; *Graziani* v. *Denny, supra; Carter* v. *Lothian,* 133 Cal. 451 [65 Pac. 962].)

■ The second main reason given is that the orders made by the judge of department 34 were founded on an unlawful agreement. In this respect the order under review reads: "For the reasons indicated, the court finds, adjudicates and decrees that the said agreement between said Samuel Rappaport and the plaintiff is contrary to public policy, is therefore unlawful, and void and that neither party to it can have or

claim any rights, or enforce any remedies, thereunder.''
Manifestly, however, neither in the kind of a proceeding which
was then being heard before department 12, nor under the cir-
cumstances there present, did the court have jurisdiction of
the parties or the subject-matter to hear and adjudicate the
question of the validity of said agreement, nor to define the
legal rights of the parties thereunder. Such adjudication
may be made only through the medium of an action brought
for that purpose after the reporter delivers the transcript.
(*Gjurich* v. *Fieg,* 160 Cal. 331 [116 Pac. 745] ; *Harris* v. *Burt,*
47 Cal. App. 480 [190 Pac. 1058].) ■ In the two cases
just cited, undertakings were given by the appellants in con-
formity with the provisions of said section 953b; but the re-
porters refused to prepare and deliver the transcripts until
their fees were actually paid; and in each case it was held
that inasmuch as the appealing party had complied with all of
the requirements demanded by the statute to obtain the trans-
cript he was entitled to the delivery thereof, and that any
dispute as to the fees was a matter to be litigated afterwards
in an action brought for. that purpose. In so holding, the
language used by the court in the former case was as follows:
''To say that the law contemplates the payment of the de-
mand of the stenographic reporter at the time when the tran-
script is presented to the clerk for filing is to deprive the
appellant of any right to object to the fees charged, or by ob-
jecting force the appeal to await the final determination of
this controversy between the stenographic reporter and the
appellant. The law desires and urges a speedy determina-
tion of appeals and it is not to be supposed that it ever con-
templated either such injustice to an appellant or the delay-
ing of an appeal to settle such a minor separate controversy.
The true, and we think the obvious construction of the statute
is that the undertaking given to the clerk is the security until
such time as the exact amount due to the reporter can be
known, and that this cannot be known until the final approval
of the transcript by the judge. Thereupon and thereafter the
appellant becomes liable for the just fees of the stenographic
reporter so determined, and upon his failure to pay them
recourse may be had against him and the sureties on his
undertaking filed with the clerk.'' The situation in the pres-
ent case is no different in principle. Here the appellant
complied with all of the requirements of the statute to obtain

the transcript. True, she did not give an undertaking to insure the payment of the cost of the transcript as was done in those cases, but as permitted by the express provisions of the statute she arranged personally with the reporter for his compensation, whereupon the reporter filed a waiver of the giving of an undertaking. It reads as follows: "The appellant in the matter above entitled having arranged personally with me for the payment of my compensation in connection with the preparation of the reporter's transcript and all exhibits in the case preparatory to appeal and making up said record under section 953a of the Code of Civil Procedure, I hereby waive the necessity of filing an undertaking under the provisions of said Code of Civil Procedure, relying upon the arrangement of said appellant for such compensation." Therefore, when the matter of the application for the order to compel the reporter to proceed with the preparation of the transcript came on for hearing before department 34, the sole question before the court was whether petitioner had complied with all necessary legal requirements to obtain the transcript. Admittedly she had; and accordingly the order was made directing the reporter to prepare and deliver the transcript. If after the delivery of the transcript a dispute should arise between the petitioner and the reporter as to the amount the reporter is legally entitled to receive, his recourse would be, as outlined in the Gjurich case, an action in the ordinary course of law to collect the same, which necessarily would involve a determination of the question of the validity of the agreement theretofore entered into between the parties. There is nothing in the terms of any of the orders made by the judge of department 34 which precludes the reporter from invoking such remedy, for nowhere therein does the judge of said department purport to adjudicate the question of the validity of said agreement. In fact neither at the hearing on January 4, 1939, nor at any prior time did the reporter, in any manner, question the validity of the agreement. Respondents claim that the issue of its validity was raised by Rappaport's motion of February 24, 1939, to set aside the order of January 4, 1939; but the record before us does not show the grounds of that motion nor the reasons for its denial. It may be well assumed, therefore, that if issue was so raised, the order of denial was based upon the ground that the court

was without jurisdiction in that kind of a proceeding to inquire into the merits thereof. The remaining jurisdictional matters referred to in the order under review are of less importance than those above discussed, and therefore do not require special notice.

One more point is presented. Respondents call attention to that part of the record showing that petitioner took an appeal from the order she seeks by this proceeding to annul, and authorities are cited to the effect that if an order is appealable, *certiorari* will not lie. It is apparent, however, that it is not appealable under section 963 of the Code of Civil Procedure as a special order made after final judgment, because such an order to be appealable must affect the judgment in some manner or bear some relation to it, either by way of enforcing or staying its execution (*Lake* v. *Harris,* 198 Cal. 85 [243 Pac. 417]; *Griess* v. *State Investment etc. Co.,* 93 Cal. 411 [28 Pac. 1041]; *Kaltschmidt* v. *Weber,* 136 Cal. 675 [69 Pac. 497]; *Watson* v. *Pryor,* 49 Cal. App. 554 [193 Pac. 797]; 2 Cal. Jur., p. 153); nor does it fall within the classification of any of the other orders specified in said section.

For the reasons and upon the grounds stated, the demurrer to the petition for the writ is overruled and the order made by the judge of department 12 on February 28, 1939, is annulled.

Shenk, J., Curtis, J., Houser, J., and Spence, J., *pro tem.,* concurred.