[S. F. No. 20259. In Bank. Dec. 18, 1959.]

RUSSELL F. SUMMERS, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; OLGA KAYE, Real Party in Interest.

Robert L. Mezzetti and Robert E. Hayes for Petitioner.

No appearance for Respondent.

Malovos, Mager & Chasuk and Chalmers Smith for Real Party in Interest.

PETERS, J.—This is a proceeding to review an order of the Superior Court of Santa Clara County denying petitioner relief relative to a charge made by a court reporter for preparing a transcript on appeal. The sole question involved is whether the trial court had jurisdiction of the controversy in question. We have concluded that it did not.

Petitioner, Russell F. Summers, was the plaintiff in an action filed in the Superior Court of Santa Clara County. In due course, the case was tried, resulting in a judgment for the defendants. Summers appealed, serving and filing, properly, all required notices, including a request for the preparation of the clerk's and reporter's transcripts as required by rule 4 of the Rules on Appeal. Respondent Olga Kaye, the court reporter, duly and properly filed with the clerk her estimate of the cost of preparing the reporter's transcript as provided in that rule. The estimate was $625. This amount was deposited by Summers with the clerk. Thereafter, the reporter prepared the transcript and filed the original and one copy with the clerk, properly certifying the document. In due course, the transcript was filed with the proper District Court of Appeal.

When the reporter filed the transcript with the clerk of the superior court she indicated that the total bill was $680.62.

The trial court ordered that the $625 on deposit with the clerk be paid to the reporter. It was so paid. The reporter then billed petitioner for the difference between $625 and $680.62.

The petitioner then instituted this proceeding under review. He filed "exceptions" to the reporter's charges. The main contention was that the reporter was seeking to recover for the cost of preparing the original and two copies of the transcript, whereas petitioner had only ordered the preparation of the original and one copy. It was also claimed that the number of folios for which the charge had been made was overestimated by the reporter.

The trial court held a hearing on the exceptions to the reporter's charges, and evidence was introduced by both parties. The trial court purported to pass on the merits of the controversy, holding that, while under the rules but one copy of the transcript is to be prepared, in the instant case, there was an implied contract to pay for the second copy, and that there had been no overcharge. The court then entered its order denying the exceptions. Thereupon, petitioner instituted these proceedings to review the validity of that order.

There can be no doubt that review is the only remedy available to petitioner. The order involved, although a special order made after final judgment, did not affect that judgment or bear any relation to it. The order, therefore, is not appealable as a special order after final judgment. It was so held in *Williams* v. *Superior Court*, 14 Cal.2d 656, at page 666 [96 P.2d 334].

The trial court had no jurisdiction over the controversy presented by the filing of the exceptions to the reporter's charges. The transcript in this case had been prepared and filed. There is no controversy over the preparation or filing of that transcript. The only controversy that exists is a controversy between Summers and the court reporter over the amount of the fee. The trial court had no jurisdiction to adjudge that controversy in the challenged proceeding. Once the transcript is prepared and filed the trial court has no power to pass upon the contract rights of the litigant and the reporter.

In *Williams* v. *Superior Court*, 14 Cal.2d 656 [96 P.2d 334], the trial court purported to pass on the validity of a contingent contract between the reporter and the appellant. The court stated (p. 664): "Manifestly, however, neither in the

kind of proceeding which was then being heard before depart-
ment 12, nor under the circumstances there present, did the
court have jurisdiction of the parties or the subject-matter
to hear and adjudicate the question of the validity of said
agreement, nor to define the legal rights of the parties there-
under. Such adjudication may be made only through the
medium of an action brought for that purpose after the
reporter delivers the transcript. (*Gjurich* v. *Fieg,* 160 Cal.
331 [116 P. 745]; *Harris* v. *Burt,* 47 Cal.App. 480 [190 P.
1058].)''

The Williams case correctly points out that the trial court
in the case on appeal has power to determine whether the
appellant has complied with all necessary legal requirements
to secure a transcript and, if so, to see to it that the reporter
complies with the law and prepares and files the transcript.
But the court has no jurisdiction in the case on appeal to pass
on disputes between the reporter and the appellant over fees.
As was said in the Williams case, *supra,* at page 665: ''If
after the delivery of the transcript a dispute should arise be-
tween the . . . [appellant] and the reporter as to the amount
the reporter is legally entitled to receive, his recourse would
be, as outlined in the Gjurich case, an action in the ordinary
course of law to collect the same, which necessarily would in-
volve a determination of the question of the validity of the
agreement theretofore entered into between the parties.''

Respondent Kaye correctly points out that petitioner
started the very proceedings he now seeks to challenge, and
contends that for this reason he is estopped from now chal-
lenging jurisdiction. While estoppel may operate to confer
jurisdiction over the parties to a controversy, jurisdiction
over the subject matter cannot be conferred by consent, waiver
or estoppel. (See 1 Witkin, California Procedure, p. 278,
where many cases are collected.) The present case involves
jurisdiction over the subject matter.

Respondent places her main reliance on *Cross* v.
*Superior Court,* 104 Cal.App.2d 594 [232 P.2d 255]. That
case involved a dispute between the reporter and an appellant
over fees. A writ of mandate issued ordering that that dispute
be settled in a particular way. Nothing is said in that opinion
about the jurisdiction of the court to settle such a controversy
in a proceeding in the main action. If the opinion in that
case implies that the trial court in an auxiliary proceeding
in the main action has jurisdiction to settle a controversy be-

tween the reporter and the appellant over fees, such implication is wrong, and is disapproved.

The order under review is annulled.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., and White, J., concurred.

McComb, J., dissented.