Filed 12/29/20  P. v. The North River Ins. Co. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B294462 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. OSJ2180) |
| v. | |
| THE NORTH RIVER INSURANCE COMPANY, | |
| Defendant and Appellant; | |
| BAD BOYS BAIL BONDS, | |
| Real Party in Interest and Appellant. | |

APPEAL from a judgment and postjudgment order of the Superior Court of Los Angeles County, Christopher K. Lui and Alison M. Estrada, Judges.  Affirmed.

Jefferson T. Stamp for Defendant and Appellant and Real Party in Interest and Appellant.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and David D. Lee, Deputy County Counsel, for Plaintiff and Respondent.

_____

Appellant The North River Insurance Company and real party in interest and appellant Bad Boys Bail Bonds (collectively the surety)[1] appeal from the entry of summary judgment on a forfeited bail bond and from an order denying a postjudgment motion to vacate forfeiture, exonerate bail, and set aside the summary judgment. We affirm.

## BACKGROUND

In January 2013, the trial court set bail for criminal defendant Newton Sean Mukasa (Mukasa) at $100,000 and remanded him to custody.[2] The court did not make an inquiry regarding Mukasa's ability to pay.

In May 2013, the surety posted a $100,000 bail bond for Mukasa's release. During jury deliberations in October 2013, Mukasa failed to appear, and the trial court ordered bail forfeited. The next day, the clerk of the court mailed notice of the forfeiture to the surety, indicating that the appearance period would expire in April 2014.

_____

[1]     Bad Boys Bail Bonds is the bail agent of The North River Insurance Company.

[2]     We grant the surety's motion for judicial notice of the reporter's transcript of the January 15, 2013 hearing. (Evid. Code, § 452, subd. (d).)

In May 2014, the trial court granted the surety a six-month extension of time to locate Mukasa. In November 2014, the surety moved to toll and/or extend the appearance period. Despite continuing the matter to April 2015, the court entered summary judgment on the forfeited bond in January 2015. The surety appealed, and Division Three of this Court reversed the premature entry of summary judgment and remanded for consideration of the surety's motion to toll or extend the appearance period. (*People v. The North River Ins. Co.* (Oct. 27, 2016, B262287) [nonpub. opn.].)

On remand, the trial court tolled time to September 2017 and then, finally, to October 2017. Mukasa did not appear. In July 2018, the court issued an order denying the surety's motion to vacate forfeiture.

In August 2018, the trial court entered summary judgment on the forfeited bond. The judge who entered summary judgment was not the same judge who had declared the forfeiture.

The surety filed a motion under Code of Civil Procedure section 473, subdivision (d), to set aside the summary judgment, vacate forfeiture, and exonerate the bond. The trial court denied the motion.

This timely appeal ensued.

## DISCUSSION

On appeal, the surety argues that (1) the bail bond and the summary judgment on the forfeited bond are "void" because bail was set unconstitutionally; (2) the summary judgment is "void" because it was entered by a different judge than the judge who declared the forfeiture; and (3) the summary judgment is

"voidable" because it was entered in a different courthouse than where the forfeiture was declared.[3]

I. *Standard of Review*

Our review is de novo. (*Christensen v. Lightbourne* (2019) 7 Cal.5th 761, 771 [statutory interpretation]; *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018 [application of law to undisputed facts].)

II. *Bail-Setting Errors*

Five years after Mukasa's bail was set, the First District Court of Appeal held that a court setting bail must "consider the defendant's ability to pay and refrain from setting an amount so beyond the defendant's means as to result in detention." (*In re Humphrey* (2018) 19 Cal.App.5th 1006, 1037 (*Humphrey*), review granted May 23, 2018, S247278.)

The surety contends that because the trial court did not inquire into Mukasa's ability to pay or whether less restrictive alternatives to cash bail were appropriate, Mukasa's detention, "includ[ing] the constructive custody of Mukasa by the bail," was unconstitutional. According to the surety, this rendered the bail bond and the summary judgment void, and the court should have granted its motion to set aside the judgment under Code of Civil Procedure section 473, subdivision (d).[4]

---

[3] These are substantially the same arguments that the surety raised in its motion to set aside the summary judgment, vacate forfeiture, and exonerate the bond.

[4] Code of Civil Procedure section 473, subdivision (d), provides, in relevant part: "The court . . . may, on motion of either party after notice to the other party, set aside any void judgment or order."

This Division previously considered and rejected a nearly identical argument from the surety in *People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226 (*North River I*). As we explained, "[a] judgment is 'void' only when the court entering that judgment 'lack[ed] jurisdiction in a fundamental sense' due to the "'entire absence of power to hear or determine the case'" resulting from the "'absence of authority over the subject matter or the parties.'" [Citation.]" (*Id.* at p. 233.) "Only void judgments and orders may be set aside under [Code of Civil Procedure] section 473, subdivision (d); voidable judgments and orders may not." (*North River I*, at p. 234.)

Here, the summary judgment on the bond was not void because the trial court had jurisdiction over the subject matter and the parties at all relevant times—when setting bail, when releasing Mukasa on bail when the bond was posted, when declaring the bond forfeited in open court, and when entering summary judgment. (*North River I, supra*, 48 Cal.App.5th at p. 234.)

"Any noncompliance with *Humphrey* would, at best, be an act 'in excess of [the trial court's] jurisdiction.' [Citation.] *Humphrey* imposes a requirement that a trial court 'consider [a] defendant's ability to pay' when setting bail. [Citation.] Because a court that "'act[s] without the occurrence of certain procedural prerequisites'" acts only in excess of its jurisdiction (but within its fundamental jurisdiction) [citation], a trial court's failure to consider a defendant's ability to pay under *Humphrey* results in, at best, a bail order that is voidable, not void." (*North River I, supra*, 48 Cal. App. 5th at p. 234.)

III.  *Different Judges*

Penal Code section 1306, subdivision (a),[5] provides, in relevant part:  "When any bond is forfeited and the period of time specified in [s]ection 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound."

The surety contends that the statute's reference to "the court which has declared the forfeiture" (§ 1306, subd. (a)) should be interpreted to mean that the same judge who declared the forfeiture must also enter summary judgment.  Because, here, the summary judgment was entered by a different judge than the judge who declared the forfeiture, the surety claims that due process and section 1306, subdivision (a), were violated, and that the judgment is void.

Division Seven of this Court disposed of this exact argument in *People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559 (*North River II*), with which we agree.

"Section 1306 plainly requires the court that declared the forfeiture to enter the summary judgment.  However, that language does not state, and does not mean, the same judge of the court must enter both orders. . . .  [I]t is the court that has jurisdiction of the matter, not a particular judge." (*North River II*, *supra*, 53 Cal.App.5th at p. 565.)  "A court is a single entity consisting of multiple judges or bench officers." (*Id.* at p. 564.)

Nor does having different judges declare the forfeiture and enter summary judgment offend due process.  "Summary

[5]     All further statutory references are to the Penal Code unless otherwise indicated.

judgment following a declaration of forfeiture is a consent judgment entered without a hearing pursuant to the terms of the bail bond." (*North River II*, *supra*, 53 Cal.App.5th at p. 567.) "If the forfeiture has not been vacated at the end of the appearance period, the court has no choice but to enter summary judgment in accordance with the terms stated in the bond." (*Ibid.*)

Here, when the trial court entered summary judgment, the appearance period had elapsed and no motion to vacate the forfeiture was pending. "With that information, [the court] was required to enter summary judgment in accordance with the bond's terms. There was no due process violation." (*North River II*, *supra*, 53 Cal.App.5th at p. 567.)

IV. *Different Courthouses*

The surety's final argument is that the summary judgment is "voidable" based on "improper venue" because it was entered by a judge sitting in a downtown Los Angeles courthouse instead of by a judge sitting in a Van Nuys courthouse, where the forfeiture was declared. Merely voidable judgments, however, may not be set aside under Code of Civil Procedure section 473, subdivision (d). (*North River I*, *supra*, 48 Cal.App.5th at p. 234.)

In any event, the surety's argument is meritless. As discussed above, the same court that declared the forfeiture must enter summary judgment. (§ 1306, subd. (a); *North River II*, *supra*, 53 Cal.App.5th at p. 565.) That requirement was satisfied here. The judge who declared the forfeiture and the judge who entered summary judgment both did so while sitting in the same court—the Superior Court of Los Angeles County. (See Cal. Const., art. VI, § 4 ["In each county there is a superior court of one or more judges"]; *Williams v. Superior Court of Los Angeles County* (1939) 14 Cal.2d 656, 662 ["jurisdiction is vested by the

7

Constitution in the court and not in any particular judge or department thereof; and that whether sitting separately or together, the judges hold but one and the same court"].)

**DISPOSITION**

The judgment and postjudgment order are affirmed. The People are entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, Acting P. J.
ASHMANN-GERST

We concur:


_____, J.
CHAVEZ


_____, J.
HOFFSTADT