Filed 4/12/21  P. v. The North River Ins. Co. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>THE NORTH RIVER<br>INSURANCE CO. et al.,<br><br>    Defendants and Appellants. | B295267<br><br>(Los Angeles County<br>Super. Ct. No. SJ4550) |

APPEAL from a judgment and a postjudgment order of the Superior Court of Los Angeles County, Maame Frimpong and Victoria Wilson, Judges.  Affirmed.

Jefferson T. Stamp for Defendants and Appellants.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and David D. Lee, Deputy County Counsel for Plaintiff and Respondent.

————————————

# INTRODUCTION

Bad Boys Bail Bonds, acting as the agent for The North River Insurance Company (collectively, North River), posted a bail bond to secure the release of a criminal defendant. When the defendant failed to appear at a bench warrant hearing, a superior court judge in the Metropolitan Courthouse ordered the bond forfeited. A different superior court judge in the Clara Shortridge Foltz Criminal Justice Center subsequently entered summary judgment against North River on the bond. A third superior court judge denied North River's motion to set aside the summary judgment.

North River appeals from the summary judgment and the denial of its motion to set aside the judgment. On March 12, 2021 North River notified the court that it "concede[s] this appeal" in light of *People v. The North River Ins. Co.* (2020) 53 Cal.App.5th 559 (*North River*). North River did not dismiss its appeal, however. We therefore address the appeal, and we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 2017 North River posted a $60,000 bail bond to secure the release of Henry Vasquez. On August 8, 2017 Vasquez failed to appear at a bench warrant hearing. The court[1] ordered the bond forfeited.

On August 11, 2017 the court's clerk mailed North River a notice of forfeiture. The notice advised North River that its contractual obligation to pay the bond would become absolute in 186 days, unless the bond forfeiture was set aside and the bond

---

[1] Judge Efrain Eceves, sitting at the Metropolitan Courthouse.

reinstated.  On March 2, 2018 the court[2] granted North River's motion to extend to August 29, 2018 the 180-day period to vacate the bond forfeiture.

On September 4, 2018, following Vasquez's failure to appear during the extended appearance period, the court[3] entered summary judgment on the forfeited bond.  The court's clerk mailed North River notice of entry of the summary judgment on September 5, 2018.

On November 10, 2018 North River filed a motion to set aside the summary judgment pursuant to Code of Civil Procedure section 473, subdivision (d).  The court[4] denied the motion on December 21, 2018.  North River timely appealed the summary judgment and the order denying the motion to set aside the judgment.[5]

## DISCUSSION

North River first argues the superior court violated its due process rights and Penal Code section 1306, subdivision (a), because the judge who entered the summary judgment was not the same judge who declared the forfeiture.  As North River appears to acknowledge with the concession of its appeal, we rejected these identical arguments in *North River*, *supra*, 53 Cal.App.5th at pages 566 to 567.

---

[2]     Judge Christopher Liu.
[3]     Judge Maame Frimpong, sitting at the Clara Shortridge Foltz Criminal Justice Center.
[4]     Judge Victoria Wilson.
[5]     An order denying a motion to set aside a summary judgment entered against a surety is an appealable order. (*People v. Financial Casualty & Surety, Inc.* (2017) 10 Cal.App.5th 369, 376.)

North River also argues that the summary judgment is "voidable" based on "wrong venue" because it was entered by a judge sitting at the Clara Shortridge Foltz Criminal Justice Center, rather than a judge sitting at the Metropolitan Courthouse where the bond forfeiture was declared. Merely voidable judgments may not be set aside under Code of Civil Procedure section 473, subdivision (d). (*People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 234 ["Only void judgments and orders may be set aside under section 473, subdivision (d); voidable judgments and orders may not."].)

North River's argument also fails for another reason. The same court that declares a bond forfeiture must enter summary judgment. (Pen. Code, § 1306, subd. (a); *North River, supra,* 53 Cal.App.5th at p. 565.) That occurred here. The judge who declared the forfeiture and the judge who entered summary judgment sat in the same court—the Superior Court of Los Angeles County. (See Cal. Const., art. VI, § 4 ["In each county there is a superior court of one or more judges"]; *Williams v. Superior Court of Los Angeles County* (1939) 14 Cal.2d 656, 662 ["jurisdiction is vested by the Constitution in the court and not in any particular judge or department thereof; and that whether sitting separately or together, the judges hold but one and the same court"]; *In re Alberto* (2002) 102 Cal.App.4th 421, 427-428 ["'The Superior Court of Los Angeles County, though comprised of a number of judges, is a single court . . . .'"].)

## DISPOSITION

The judgment and postjudgment order are affirmed.  The People shall recover their costs on appeal.

MCCORMICK, J.*

We concur:

PERLUSS, P. J.

FEUER, J.

_____

*       Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.