Filed 9/25/25  Steller v. Richmond CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROBERT STELLER,<br><br>     Respondent,<br><br>     v.<br><br>TIMOTHY RICHMOND, as Trustee, etc.,<br><br>     Appellant. | D085069<br><br><br><br>(Super. Ct. No. D549814) |

APPEAL from an order of the Superior Court of San Diego County, Christopher S. Morris, Judge.  Affirmed.

McCullough Law and Carlee Marie McCullough, for Appellant.

Robert A. Steller, in pro. per., for Respondent.

INTRODUCTION

Appellant Timothy Richmond, as trustee and successor in interest of the Sandra L.H. Steller Trust, filed a petition in the family court pursuant to Probate Code[1] section 850, seeking an order confirming as trust assets

---

[1]     Undesignated statutory references are to the Probate Code.

property subject to the marriage settlement agreement between Robert and Sandra Steller. The family court found it could not appropriately hear the matter involving trust property and denied the petition.

Richmond appeals, arguing the family court erred by finding it lacked jurisdiction to decide the petition. We reject Richmond's arguments and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Robert and Sandra Steller married in May 1982. The Stellers separated in June 2014, and, that same month, Robert filed for divorce. In May 2018, the Stellers entered into a marriage settlement agreement, the terms of which provided for each to receive specified financial assets and personal property. The family court approved the marriage settlement agreement, and it entered judgment of dissolution in December 2018. A guardian ad litem represented Sandra during the negotiation of the marriage settlement agreement.

In June 2018, the month after entering into the marriage settlement agreement, Sandra executed a trust. She named appellant Richmond as trustee and successor trustee, and sole beneficiary. The trust identifies as trust assets two bank accounts, a vehicle, and "[a]ny and all assets, properties, [and] proceeds" from the Stellers' marriage settlement agreement.

Sandra passed away in April 2020. In July 2021, Richmond filed in the Stellers' family court action a motion to substitute in as successor in interest on Sandra's behalf and to enforce the family court's judgment. In October 2021, the family court granted Richmond's motion to substitute. However, Richmond took no additional action on his motion to enforce the judgment.

More than two years later, in December 2023, Richmond filed in the Stellers' family court action a petition to confirm trust property under

2

section 850, seeking an order confirming that the assets Sandra was awarded in the marriage settlement agreement are trust assets under the control of Richmond as trustee.[2]  Robert objected to the petition.[3]  On August 13, 2024, the family court held a hearing on the petition, at which Robert and Richmond appeared.  The court explained that Richmond should have filed his petition in probate court rather than family court.  On September 9, 2024, the court issued a written order denying the petition and explaining "[t]he Family Court is not the appropriate court to consider" the petition.

## DISCUSSION

On appeal, "[w]e presume the superior court's order is correct, and the appellant must affirmatively show error." (*Billauer v. Escobar-Eck* (2023) 88 Cal.App.5th 953, 969.)  "We are not bound to develop appellants' arguments for them." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)  Richmond has not affirmatively shown the family court erred.

### I.

*Richmond Has Not Shown the Family Court Erred by Failing to Exercise Jurisdiction*

Richmond asserts the family court erred by finding it lacked jurisdiction to enforce the marriage settlement agreement.  But he fails to establish the very premise of this argument, i.e. that the family court made a finding that it lacked jurisdiction to hear the petition.  At the hearing on the

---

[2]    As relevant here, section 850 provides that a personal representative, trustee, or any interested party may bring a petition for an order regarding entitlement to property "[w]here [a] decedent died having a claim to real or personal property, title to or possession of which is held by another," or "[w]here the trustee has a claim to real or personal property, title to or possession of which is held by another." (§ 850, subds. (a)(2)(D) & (3)(B).)

[3]    A copy of Robert's opposition is not in the record before us.

petition, the court referenced jurisdiction in that it explained it was a court of limited jurisdiction to consider only family law matters, and that it had retained jurisdiction over the Steller's dissolution matter only to the extent it might characterize the property subject to the marriage settlement agreement. Yet, it recognized it had discretion to consider Richmond's petition to confirm trust property. And, at the direction of the presiding judge, it declined to exercise that discretion based on its findings that it was not appropriate for the family court to consider the petition regarding trust property.

Richmond has not addressed the court's exercise of this discretion, let alone established error. Neither does he cite any authority for the proposition that the family law department of the superior court must hear a petition regarding a trust matter where the matter collaterally involves property subject to a marriage settlement agreement. Rather, he cites authority to show the family court may enforce the marriage settlement agreement. Notably, Richmond previously filed a motion to enforce the marriage settlement agreement, but it appears he did not pursue that remedy after filing. Now, he does not directly seek to enforce the marriage settlement agreement but, instead, seeks to confirm trust property.

Even if we could conclude Richmond sufficiently addressed the family court's exercise of discretion, we would find no error. We recognize that the superior court, in general, has jurisdiction over proceedings involving trusts and family law matters. (§ 17000 [superior court having jurisdiction over trust has exclusive jurisdiction over internal affairs of the trust and concurrent jurisdiction over other matters concerning the trust]; Fam. Code, § 200 [superior court has jurisdiction over proceedings under the Family Code].) However, presiding judges of the superior courts are

4

"responsible . . . for . . . allocating resources in a manner that . . . provides a forum for the fair and expeditious resolution of disputes, maximizes the use of judicial and other resources, [and] increases the efficiency in court operations . . . ," and are granted authority to "[a]pportion the business of the court, including assigning and reassigning cases to departments[.]" (Cal. Rules of Court, rule 10.603(a), (b)(1)(B) & (c)(1)(D).) In declining to hear Richmond's petition, the family court stated it was doing so "[o]n advice of [the] presiding judge," and that, "according to what [it] ha[d] been told and what [it] ha[d] been instructed to do from [the] presiding judge, [it] d[id]n't have authority to do much with this case." This was a proper exercise of the presiding judge's authority in administering the superior court.

## II.

### *Richmond Has Not Shown the Family Court's Continuing Jurisdiction Over the Steller's Dissolution Matter Would be Defeated by Filing the Petition in the Probate Court*

Neither has Richmond shown that filing the petition in the probate court would create any impermissible inter-departmental jurisdictional tension.

As cited by Richmond, *In re Marriage of Schenck* (1991) 228 Cal.App.3d 1474 (*Schenck*) held that, where the family court retains jurisdiction over a family court matter, no other division of the superior court may entertain any enforcement proceeding that could adversely affect the family court's continuing jurisdiction. (*Id.* at pp. 1482–1484.) In *Schenck*, the family law department of the superior court entered an order in a dissolution proceeding deferring the sale of the marital home and allowing the wife to live there for a period of three years. (*Id.* at p. 1476.) The family court reserved jurisdiction over the later valuation and disposition of the home. (*Ibid.*) Husband then accumulated child and spousal support arrearages, and the wife obtained a

5

levy on husband's interest in the home.  (*Ibid.*)  Wife filed an application in the civil law and motion department for an order allowing the sale of the husband's interest in the home.  (*Ibid.*)  The civil law and motion department found a " 'very real possibility' that the value of husband's interest in the property would be 'substantially impaired' if it were sold at an execution sale where wife likely would be the only bidder," and thus denied her application and directed her to file in the family court.  (*Id.* at p. 1477.)  The appellate court affirmed, explaining that "issuance of a sale order [by the law and motion department] could have defeated the very purpose for which the family law department had retained jurisdiction" over the division of marital property, "as surely as if the civil law and motion department had declared [the family law department's jurisdiction] null and void."  (*Id.* at p. 1483.)

In turn, *Schenck* relied on the opinion of the California Supreme Court in *Williams v. Superior Court of Los Angeles County* (1939) 14 Cal.2d 656 (*Williams*).  (*Schenck, supra*, 228 Cal.App.3d at pp. 1482–1483.)  In *Williams*, a court reporter failed to timely prepare a transcript for an appeal from a trial held in Department 12 of the superior court.  (*Williams*, at pp. 659–660.)  Department 34 of the superior court issued an order to show cause why the reporter should not be held in contempt.  (*Id.* at pp. 660–661.)  The reporter then obtained from Department 12 an order voiding the order to show cause issued by Department 34.  (*Id.* at p. 661.)  On appeal, the Supreme Court found Department 12 had exceeded its jurisdiction because "where a proceeding has been duly assigned for hearing and determination to one department of the superior court . . . , and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, it is beyond the jurisdictional authority of another department of the same court to interfere

6

with the exercise of the power of the department to which the proceeding has been so assigned." (*Id.* at p. 662.)

Unlike *Schenck* and *Williams*, requiring Richmond to file his petition to confirm trust property in the probate court does not call into doubt the validity of the marriage settlement agreement, seek a superior court department's action on a proceeding that has not been finally disposed of in another department, or seek to undermine any exercise of jurisdiction by the family court. As stated *ante*, the family court explained that the only jurisdiction it retained over the dissolution matter "was the ability to characterize . . . the property in the [marriage settlement agreement]." The relief Richmond sought through his petition—entitlement to the property Sandra was awarded in the marriage settlement agreement—does not defeat any jurisdiction the family court retained to characterize the property identified in the marriage settlement agreement. Rather, Richmond's petition presumes the family court had finally disposed of the dissolution action and accepted the marriage settlement agreement and further relies on the continuing validity of the family court's orders. The real issue is the validity of the trust and whether Sandra's assets passed to Richmond, not whether Sandra was entitled to assets under the terms of the marriage settlement agreement. Nothing the probate court might do in confirming trust assets would alter or call into doubt the family court's orders.

Rather than supporting Richmond's argument, *Schenck* confirms why the family court's continuing jurisdiction over the Steller's dissolution proceeding did not make it the appropriate forum to rule on Richmond's attempt to collect Sandra's assets through his petition to confirm trust property. Specifically, the court in *Schenck* explained that the family court's "reservation of jurisdiction [over valuation and disposition of the marital

7

home] [wa]s not relevant to wife's abstract right to recover sums legitimately due her[.]" (*Schenck, supra*, 228 Cal.App.3d at p. 1484.) The family court's continuing jurisdiction only became relevant in *Schenck* because the wife sought "to collect unpaid support in a manner that adversely affect[ed] the purpose for which" the family court reserved jurisdiction. (*Ibid*.) This is not the type of inter-departmental exercise of jurisdiction *Schenck* and *Williams* forbids.

DISPOSITION

The family court's order denying the petition is affirmed. Costs on appeal are awarded to Robert.

HUFFMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

WE CONCUR:


O'ROURKE, Acting P. J.


RUBIN, J.