Filed 10/10/23  Premier Liberty Development v. Velocity Commercial Capital CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PREMIER LIBERTY DEVELOPMENT LLC, <br><br>     Plaintiff and Respondent, <br><br>       v. <br><br> VELOCITY COMMERCIAL CAPITAL LLC, <br><br>     Defendant and Appellant. | G061605 <br><br> (Super. Ct. No. 30-2018-01008782) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Randall J. Sherman, Judge.  Reversed.

Lanphere Law Group, Michael A. Lanphere and Louis A. Scotti; John L. Dodd & Associates and John L. Dodd for Defendant and Appellant.

Law Office of Michael G. York, Michael G. York; and Susan D. Stein for Plaintiff and Respondent.

\*        \*        \*

According to the allegations in the complaint, plaintiff Premier Liberty Development LLC (Premier) and defendant Velocity Commercial Capital LLC (Velocity) are both victims of fraud. Both held a security interest in the same commercial property. Premier held the earlier interest, having sold the property to the wrongdoers in exchange for a note and deed of trust. The wrongdoers then forged a reconveyance of the deed of trust, purportedly clearing title and taking the property in their own names. They then obtained a loan from Velocity who also obtained a note and deed of trust, apparently unaware of the fraud committed on Premier. This lawsuit is about whose security interest prevails. Ruling on a summary judgment motion, the court found in favor of Premier and declared its security interest more senior.

We reverse. We do not reach the merits of this case because the present lawsuit suffered a fatal procedural flaw from the outset: Premier filed another lawsuit a year earlier against Velocity on the exact same facts, except that it sought money damages rather than judicial foreclosure. The earlier lawsuit was still pending at the time of the judgment. This represented an unlawful splitting of a single primary right into two lawsuits. Velocity sought summary judgment on that ground, which the court erroneously denied.

FACTS

In 2017, Premier filed a lawsuit against Velocity, several individuals involved in the alleged fraud, and certain companies controlled by those individuals (the 2017 lawsuit). The 2017 lawsuit alleged the following facts: "Plaintiff was the owner of an office building with the common address of 13902 Harbor Boulevard, Garden Gove, California . . . . In March 2015, Plaintiff sold the Property to J. Phan and S. Nguyen, in their individual capacities, for the sum of $2,150,000.00. . . . As part of the purchase price, J. Phan and S. Nguyen executed a Note Secured by a Deed of Trust . . . for the principal sum of $1,550,000.00, plus interest thereon."

2

"Beginning in late March 2017, Plaintiff learned, for the first time, the following: [¶] (a) that on or about September 14, 2015, without Plaintiff's written consent, S. Nguyen executed a grant deed, recorded on September 18, 2015, conveying title to the Property to Defendant FLG; Defendant J. Nguyen notarized S. Nguyen's signature . . . ; [¶] (b) that on or about March 16, 2016, without Plaintiff's written consent, J. Phan as 'owner' and on behalf of FLG, executed a grant deed, which was recorded on March 18, 2016, conveying title to the Property to Defendant Kim (S. Nguyen's sister), as to undivided 66.66% undivided interest, and Defendant Chong, as to 33.33% interest; this was done without an escrow and without title insurance; Defendant J. Nguyen notarized J. Phan's signature; . . . ; [¶] (c) on March 15, 2017, one of the defendants forged the signature of Dr. Dang [(the managing member of Premier)] as 'beneficiary' and 'substituted trustee' on a Substitution of Trustee and Full Reconveyance . . . and recorded it on March 22, 1017 . . . . Defendant J. Nguyen acknowledged, and purportedly witnessed, the signatures of Dr. Dang . . . ."[1]

"[I]n furtherance of Defendants' fraudulent scheme, and contemporaneously with [the] fraudulent and forged [reconveyance], JVS obtained a loan in the amount of $1,330,000.00 from Defendant Velocity and recorded a deed of trust on March 17, 2017, encumbering the Property and perpetrating a fraud on Defendant Velocity."[2]

Premier asserted multiple causes of action sounding in fraud, notary misconduct, and breach of contract against the individual defendants, but not against Velocity. As to those causes of action, Premier sought money damages. Against Velocity, the sole cause of action was "To Cancel Substitution of Trustee and Full

---

[1] FLG refers to First Lending Group, a company allegedly controlled by the wrongdoers.

[2] JVS refers to JVS Development, LLC, which is another company allegedly controlled by the wrongdoers.

Reconveyance," in which Premier alleged that its security interest should "take priority over and above any subsequently recorded instruments or documents including without limitation the Velocity [deed of trust]."

As a remedy, Premier sought the following: "For cancellation of that certain Substitution of Trustee and Full Reconveyance recorded on March 22, [2017], as instrument or document No. 2017000115166; that said instrument is void; and that that certain Long Form Deed of Trust and Assignment of Rents dated March 25, 2015, and recorded with the Orange County Recorder's Office on March 31, 2015, as instrument or document No. 20150001654460, is in full force and effect and has priority over and above any and all other documents or instruments recorded thereafter."

In June 2018, Judge Frederick Horn denied a motion for summary adjudication filed by Premier against Velocity. The court reasoned, "Velocity has raised a triable issue of material fact regarding application of the doctrine of equitable estoppel. 'It is settled that the doctrine of equitable estoppel 'may be invoked by an innocent purchaser, in spite of the fact that ordinarily a forged instrument cannot carry title. "The owner of property cannot be divested thereof by a forged instrument, but his conduct . . . may estop him from denying its validity." [Citation.] Here, the evidence indicates that Velocity's Deed of Trust was executed on 03/09/17, well before plaintiff's Complaint was filed. [Citation.] Plaintiff contends that the property was conveyed without its consent in September 2015, and that its Note and Deed of Trust contained a due on sale clause. [Citation.] Yet plaintiff did not discover the September 2015 conveyance until after the [fraudulent reconveyance] was recorded in March 2017. There is a triable issue of material fact regarding whether that failure to discover the fraudulent conveyances earlier was negligent."

4

A little over a month after Judge Horn's ruling, in July 2018, Premier filed a second lawsuit against Velocity, which we refer to as the "2018 lawsuit," and which alleged essentially identical facts. As relevant here, the only significant additional fact alleged was that, after the pendency of the 2017 lawsuit, Velocity foreclosed on the Property and purchased it. Premier asserted three causes of action: declaratory relief, judicial foreclosure on the deed of trust, and equitable relief. As remedies, Premier sought a declaration that its deed of trust continued to be enforceable against Velocity, judicial foreclosure, and various forms of equitable relief.

In connection with the 2018 lawsuit, Premier filed a notice of related case in which it checked boxes acknowledging that the 2017 lawsuit "involves the same parties and is based on the same or similar claims," "arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact," and "involves claims against, title to, possession of, or damages to the same property."

In answer to the 2018 complaint, Velocity entered a general denial as well as numerous affirmative defenses. The 24th affirmative defense, which was labeled "Unlawful 'Piecemeal Litigation' and 'Forum Shopping,'" stated as follows, "This answering Defendant is informed and believes and thereon alleges that the Plaintiff has engaged in unlawful 'piecemeal litigation' and unlawful 'forum shopping' by filing this Complaint. Rather than seek leave to amend its original Complaint against the named defendants and others, which was filed on May 15, 2017, in the Orange County Superior Court, Central Judicial District, as Case No. 30-2017-00920272-CU-FR-CJC, and assigned to Honorable Frederick P. Horn, the Plaintiff filed this Complaint in the same county and the same judicial district in order to obtain a different judicial officer despite both Complaints and all causes of action therein arising out of the same transaction, occurrence, or series of transactions or occurrences. This answering Defendant further alleges that 'the law abhors a multiplicity of actions . . . the obvious intent of the

5

Legislature . . . was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction. Thus, a party cannot by negligence or design withhold issues and litigate them in successive action; he may not split his demands or defenses; he may not submit his case in piecemeal fashion.' The primary purpose of avoiding a multiplicity of actions is the elimination of the duplication of time and effort when the same factual and legal issues are relevant to both claims."

Premier then filed a motion for summary adjudication in the 2018 lawsuit, and Velocity filed a motion for summary judgment. The court granted Premier's motion and denied Velocity's. The court concluded that under the holding of *WFG National Title Inc. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, the forged reconveyance against Premier was void, and thus Premier's security interest was superior to Velocity's. The court ruled that Premier was entitled to declaratory relief as follows: "Premier's Deed of Trust was never reconveyed, the Forged Recon[veyance] is cancelled, and Premier's Deed of Trust remains of record as of the date of its original recording, (2) all of Premier's rights, duties and obligations under Premier's Deed of Trust are superior to any claims of any of the defendants including Velocity's Deed of Trust, [and] (3) Premier is entitled to the revenues, income, issues, profits and proceeds derived from the Property . . . ." After Premier dismissed its remaining causes of action, the court entered judgment, and Velocity appealed.

## DISCUSSION

Our review of a summary judgment is de novo. (*Daneshmand v. City of San Juan Capistrano* (2021) 60 Cal.App.5th 923, 930.) We decline to reach the merits of the court's judgment because Premier's second lawsuit runs afoul of the rule against splitting a cause of action.

6

"The primary right theory is a theory of code pleading that has long been followed in California. It provides that a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.] The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action. [Citation.] A pleading that states the violation of one primary right in two causes of action contravenes the rule against 'splitting' a cause of action. [Citation.]

"As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the *legal theory* on which liability for that injury is premised: 'Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief.' [Citation.] The primary right must also be distinguished from the *remedy* sought: 'The violation of one primary right constitutes a single cause of action, though it may entitle the injured party to many forms of relief, and the relief is not to be confounded with the cause of action, one not being determinative of the other.' [Citation.]

"The primary right theory has a fairly narrow field of application. It is invoked most often when a plaintiff attempts to divide a primary right and enforce it in two suits. The theory prevents this result by either of two means: (1) if the first suit is still pending when the second is filed, the defendant in the second suit may plead that fact in abatement [citations]; or (2) if the first suit has terminated in a judgment on the merits adverse to the plaintiff, the defendant in the second suit may set up that judgment as a bar under the principles of res judicata [citation]. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681-682.)

This rule applies with full force to the present action. There is no dispute that the 2018 lawsuit is based on the exact same facts as the 2017 lawsuit. The only

7

difference between the two is the legal theories asserted and the remedies sought. Accordingly, the 2018 lawsuit violates the rule against splitting a cause of action. Premier should have sought to amend its complaint in the 2017 lawsuit if it wanted to pursue different theories and remedies.[3]

Nor has Velocity waived this argument. By statute, this defense may be raised either by demurrer or by answer: "The party against whom a complaint or cross-complaint has been filed may object, by demurrer *or answer* as provided in [Code of Civil Procedure] Section 430.30, to the pleading on any one or more of the following grounds:" "There is another action pending between the same parties on the same cause of action." (Code Civ. Proc., § 430.10, subd. (c), italics added; see *Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1604 ["'The proper time to raise a plea in abatement is in the original answer or by demurrer at the time of the answer'"].) Velocity's 24th affirmative defense, recited above, clearly raises this defense.[4] And it was raised in Velocity's motion for summary judgment as well. The court did not explicitly discuss the argument in its ruling, but instead found Velocity's motion as a whole had no merit, stating, "[N]one of the five matters cited in [Velocity's] notice of motion as reasons for granting the motion cite any of the affirmative defenses contained in [Velocity's] Answer or show that [Premier's] action has no merit." The court seems to have been unaware of the 24th affirmative defense.

---

[3] Premier's counsel explained that it opted for a second lawsuit because Velocity's counsel refused to stipulate to Premier amending the complaint in the 2017 lawsuit. It goes without saying that this refusal did not authorize Premier to file a second lawsuit on the same cause of action. Premier could have filed a motion to amend, and Velocity's counsel even mentioned that it should do just that, stating, "[A]s pr[e]scribed by law, a motion for leave to file an amended complaint is necessary."

[4] We are somewhat puzzled as to why Velocity chose not to demur on this ground, which would have saved substantial time and expense, but that choice did not result in a waiver.

We realize our disposition of this appeal is unsatisfying in that it leaves the merits to be decided another day. However, in addition to being legally sound, we deem it the prudent course because the rule against splitting a cause of action arguably has jurisdictional implications that could subject the judgment to a collateral attack in the future. As our high court explained in *Williams v. Superior Court* (1939) 14 Cal.2d 656, "The state Constitution [citation] provides for but one superior court in each county . . . . [J]urisdiction is vested by the Constitution in the court and not in any particular judge or department thereof . . . . [Citation.] It follows, therefore, that where a proceeding has been duly assigned for hearing and determination to one department of the superior court . . . and the proceeding so assigned has not been finally disposed of therein or legally removed therefrom, *it is beyond the jurisdictional authority* of another department of the same court to interfere with the exercise of the power of the department to which the proceeding has been so assigned. [Citation.] In other words, while one department is exercising the jurisdiction vested by the Constitution in the superior court of that county, the other departments thereof are as distinct therefrom as other superior courts." (*Id.* at p. 662, italics added; see *People v. Gonzalez* (1996) 12 Cal.4th 804, 813 [following *Williams, supra*, 14 Cal.2d 656].) Rather than run the risk of a future collateral attack, the wise course is to put the matter on solid procedural footing now, while the facts and evidence are still fresh in everyone's mind, and the parties are still available.

DISPOSITION

The judgment is reversed.  Velocity shall recover costs on appeal.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.